**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CARLOS ALBERTO ELIZONDO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:26-cv-00491 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BROWNSVILLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BROWNSVILLE FIREFIGHTERS ASSOCIATION LOCAL 970'S**
**MOTION TO DISMISS**

Defendant Brownsville Firefighters Association Local 970 (hereinafter "Union" or "Local 970"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Plaintiff's claims against it in their entirety.

## I.     INTRODUCTION

Plaintiff brings a seven-count complaint against Defendants alleging various federal civil rights claims and state tort actions.[1] The relevant facts as alleged in the Complaint are as follows. Plaintiff was employed by the Brownsville Fire Department for approximately nineteen years, at one point serving as the Chief of the Department. Doc. 1-3 at ¶ 5.01. During his tenure as Fire Chief, Plaintiff also served as a Trustee for the Brownsville Independent School District ("BISD") Board of Trustees. *Id.* at ¶ 5.03. Defendants City Commissioners Cesar De Leon and Ben Neece took advantage of his position as a BISD Trustee, seeking to establish a quid pro quo arrangement in which Plaintiff would use his position to benefit their professional interests. *Id.* at ¶ 5.04. After Plaintiff refused to cooperate, Defendants began a campaign of retaliation, wrongfully accusing

---

[1] Plaintiff's Complaint, initially filed in the 138th District Court of Cameron County, Texas, was removed to this Court by Defendant Jarrett Sheldon and the City of Brownsville. *See* generally Doc. 1 ("Notice of Removal"). Defendant Local 970 has timely filed a consent to removal. *See* Doc. 17.

1

him of misconduct to initiate criminal proceedings against him and ultimately have him terminated from the Brownsville Fire Department. *Id.* at ¶ ¶ 5.07-5.14.

Noticeably absent from the Complaint are any allegations that Local 970 engaged in this conduct. Indeed, the **only** reference Plaintiff makes to the Union (other than in the case caption), is under Count V, in which Plaintiff asserts a state law claim for civil conspiracy. In Count V, Plaintiff alleges that the Union acted in concert with the other Defendants in a scheme to remove him from his position as Fire Chief. However, Plaintiff does not identify what role (if any) the Union, its officers, or its members played in the alleged conspiracy. *See* Doc. 1 at ¶¶ 6.23-6.27. Because such threadbare, non-specific assertions fall far short of stating a claim against the Union under Rule 12(b)(6), this Court must dismiss Plaintiff's claims.[2]

## II.    STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a claim must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When considering a Rule 12(b)(6) motion, a court's review is confined to the defendant's conduct as alleged in the complaint, which must be viewed "in the light most favorable to the plaintiff." *Barber v. Rounds*, 169 F.4th 577, 581 (5th Cir. 2026) (citing *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015)). However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of

---

[2] The Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court. Fed. R. Civ. P. 81(c)(1).

a cause of action, supported by mere conclusory statements, do not suffice."). Thus, "something beyond the mere possibility of [relief] must be alleged..." *Twombly,* 550 U.S. at 557-58 (internal citations omitted).

### III.　ANALYSIS

Plaintiff's Complaint asserts seven causes of action: First Amendment retaliation (Count I), malicious prosecution (Count II), fabrication of evidence/denial of due process (Count III), abuse of process (Count IV), civil conspiracy (Count V), deprivation of liberty interest (stigma-plus) (Count VI), and intentional infliction of emotional distress (Count VII). At the outset, it is unclear which claims Plaintiff seeks to assert against Local 970. While counts I-IV and VI-VII collectively refer to "Defendants," only Count V makes specific reference to Local 970. The entirety of Plaintiff's allegations with respect to his civil conspiracy claim are as follows:

> Defendants Cesar De Leon, Ben Neece, City Administration, the Brownsville Firefighter Association Local 970, and others acting in concert with them, entered into an agreement and understanding to accomplish an unlawful objective.

> Specifically, Defendants agreed to remove Plaintiff from his position as Fire Chief and to justify that decision through the creation of false allegations, fabricated evidence, and criminal referrals.

> In furtherance of this agreement, Defendants engaged in numerous overt acts, including commissioning a pretextual audit, misrepresenting the results of that audit, referring criminal accusations to prosecutors, and participating in Plaintiff's termination.

> The actions of Defendants were untaken with a meeting of the minds and for the purpose of harming Plaintiff.

> As a direct and proximate result of the conspiracy described herein, and in violation of Section 1983, Plaintiff suffered substantial damages.

Doc. 1 at ¶¶ 6.23 - 6.27.

To the extent Plaintiff intends to bring all seven of his claims against the Union, the Complaint is wholly deficient in that Plaintiff makes <u>no</u> reference to Local 970, its officers, or its

members in the factual allegations of his Complaint and makes only vague, conclusory assertions that the Union engaged in a civil conspiracy against him. However, the federal pleading standard under Rule 8 mandates that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that statement "needs to be sufficient to 'give the defendant fair notice of what the [Plaintiff's] claim is and the grounds upon which it rests[.]'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Far from meeting this standard, the non-specific allegations leveled against the Union constitute impermissible shotgun pleading.

Pleadings are shotgun pleadings when they "fail to definitively attribute particular conduct to specific defendants, thereby falling short of the federal pleading standard." *Magee v. BSN Sports, LLC*, Case No. 3:21-cv-01726, 2022 U.S. Dist. LEXIS 153993, at *6 (N.D. Tex. Aug. 8, 2022), *adopted by*, 2022 U.S. Dist. LEXIS 153832 (N.D. Tex. Aug. 26, 2022). While referring to a collective group of defendants is not necessarily a fatal pleading deficiency, "[e]ach defendant is [still] entitled to know what he or she did that is asserted to be wrongful." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) (internal citation omitted) (alterations in original). Accordingly, courts "disregard[] bare assertions of collective responsibility, unsupported by concrete factual allegations." *Id.*; *see also Bautista v. Cap. One Fin. Corp.*, Case No. 3:24-cv-03010, 2025 U.S. Dist. LEXIS 161834, at *10 (N.D. Tex. July 25, 2025) (noting that shotgun pleadings are subject to dismissal under Rule 12(b)(6)).

By simply lumping in Local 970 among a collective group of defendants with no specific allegations of wrongdoing by the Union, Plaintiff's shotgun pleading fails to provide Local 970 with adequate notice of the claims against it and the grounds upon which such claims rest.

4

Accordingly, Plaintiff has failed to state a claim for relief and the Court must dismiss Plaintiff's claims against the Union in their entirety.

## CONCLUSION

For the reasons stated above, the Court must dismiss Plaintiff's Complaint against Local 970 in its entirety.

Respectfully Submitted,

*/s/Matt Bachop*
Matt Bachop
Deats Durst & Owen, P.L.L.C.
2901 Bee Caves Rd., Ste. L
Austin, TX 78746
Texas Bar No. 24055127
mbachop@ddollaw.com


*/s/Mark J. Murphy*
Mark J. Murphy (*Pro Hac Vice Motion to be filed*)
Tamara Y. Imam (*Pro Hac Vice Motion to be filed*)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1620 Eye Street, NW, Suite 700
Washington, DC 20006
mmurphy@mooneygreen.com
timam@mooneygreen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 3, 2026, a copy of the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

<u>/s/ Matt Bachop</u>
Matt Bachop