**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| **Plaintiff,** | § | **Civil No. 1:26-cv-00491** |
| **v.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, et al.** | § | |
| **Defendants.** | § | |

**INDIVIDUAL DEFENDANTS' MOTION TO STAY PENDING DETERMINATION OF**
**QUALIFIED IMMUNITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW defendants Jarrett Sheldon, Cesar de Leon, and the Estate of Ben Neece ("Individual Defendants" herein) and, having asserted their qualified immunity defenses, ask the Court to stay discovery and further case progression pending resolution of their qualified immunity defenses presented in their respective Motions to Dismiss, and in support thereof show as follows:

**I.  BACKGROUND AND SUMMARY**

Plaintiff asserts federal and state claims against the City of Brownsville, two former City Commissioners (Cesar de Leon and the Estate of Ben Neece), the City of Brownsville Fire Chief (Jarrett Sheldon), and the local firefighter's association.  (Doc. 1-3, pp. 1-23).

Plaintiff sues all defendants for the following federal claims: (a) First Amendment retaliation under 42 U.S.C. §1983 (Count I); (b) malicious prosecution under Section 1983 (Count II); (c) fabrication of evidence/denial of due process under Section 1983 (Count III); and (d) deprivation of liberty under Section 1983 (Count VI).  Plaintiff also brings the following state law claims: (a) abuse of process (Count IV); (b) civil conspiracy (Count V); and (c) intentional infliction of emotional distress (Count VI).

Fire Chief Jarrett Sheldon, one of the Individual Defendants, filed his Motion to Dismiss which included his assertion and reliance on qualified immunity. (Doc. 10). Likewise, the two former commissioner Individual Defendants, Cesar de Leon and the Estate of Ben Neece, filed a Motion to Dismiss which included their assertion and reliance on qualified immunity. (Doc. 11).

Plaintiff did not exercise his right to amend his complaint within 21 days in response to the Individual Defendants' motions to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Rather, Plaintiff obtained an extension and intends to respond to the motions to dismiss for adjudication. (Doc. 15). The Individual Defendants move the Court to stay discovery and further progression in this case until the Individual Defendants' qualified immunity defenses are determined.

## II. REQUEST TO STAY DISCOVERY

The Individual Defendants' assertion of qualified immunity includes protection from discovery and further case progression until their qualified immunity defenses are determined. Government officials are protected by qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity is not merely a defense to liability but an immunity from suit. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995).

In evaluating a qualified immunity claim, courts apply a two-prong analysis to determine the following: (1) whether there is a violation of a constitutional right and (2) whether the right was "clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018). A right is clearly

established when "the contours of the right are sufficiently clear that a reasonable official would understand what he is doing violates the right." *Linicomn*, 902 F.3d at 533.

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (a "refusal to rule on a claim of immunity" deprives a defendant of his "entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters")).  The Fifth Circuit notes that it "is *precisely* the point of qualified immunity: to protect public officials from expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made." *Backe*, at 648 (emphasis in original).

Discovery is commonly stayed pending a ruling on a defendant's entitlement to qualified immunity. *See Webb v. Livingston*, 618 Fed. App'x 201 (5th Cir. 2015) (per curiam); *Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014); *Backe*, 691 F.3d at 645); *Wicks v. Miss. State Employment Servs., Inc*., 41 F.3d 991, 994-95 (5th Cir. 1995); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987).

In *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) the Fifth Circuit addressed limitations on discovery pending resolution of qualified immunity.  In doing so, the Fifth Circuit noted:

> a defendant's entitlement to qualified immunity must be determined "at the earliest possible stage of the litigation." *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam). That's because qualified immunity is more than "a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quotation omitted). It's also "an immunity from suit." *Ibid*. (quotation omitted). And one of the most important benefits of the qualified immunity defense is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe*, 691 F.3d at 648; *see also Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986) (per curiam) (a "refusal to rule on a claim of immunity" deprives a

> defendant of his "entitlement under immunity doctrine to be free from suit and the burden of avoidable pretrial matters").

*Id.*

*Carswell* acknowledged that the Fifth Circuit previously permitted district courts to allow discovery narrowly tailored to uncover only those facts needed to rule on a qualified immunity claim. *See, e.g., Lion Boulos v. Wilson*, 834 F.2d 504, 509 (5th Cir. 1987). However, in *Carswell* the Fifth Circuit overruled the cases that allowed for such limited discovery when qualified immunity is presented in a pleadings-based motion to dismiss. *Carswell,* at 311.

Here, the Individual Defendants asserted their qualified immunity defenses in pleadings-only based motions to dismiss. Therefore, under *Carswell*, all discovery and case progression should be stayed until the Individual Defendants' motions to dismiss based on qualified immunity are resolved. *Id.*

The Individual Defendants request that the stay include all matters, including any discovery or case progression as to the other defendants such as the City of Brownsville or the firefighters association defendant also named. *Carswell* specifically held that no discovery, including that unrelated to qualified immunity or other defendants (such as a city) should proceed. 57 F.4th at 313-14. Relying on the Supreme Court's decision in *Iqbal* the Fifth Circuit explained:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Carswell,* at 313 (quoting *Iqbal*, 556 U.S. at 685–86, 129 S.Ct. 1937. Therefore, *Carswell* establishes that no discovery, even "minimally intrusive discovery," can proceed until qualified immunity in a pleadings-based motion is resolved. *Id.*

Based on the foregoing, the Individual Defendants ask that the Court enter an order staying all discovery and further case progression outside of briefing on the pending motions to dismiss to proceed until such time as the Court resolves the pending qualified immunity assertions in this case.

### III.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Jarrett Sheldon, Cesar de Leon, and the Estate of Ben Neece respectfully request that the Court stay discovery and further case progression pending resolution of the Individual Defendants' qualified immunity defenses, and for such other and further relief to which the Individual Defendants may show themselves to be justly entitled, at law and in equity.

Respectfully submitted,

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**
kevin@txmunicipallaw.com
State Bar No. 24047314
**MESSER FORT, PLLC**
6371 Preston Road, Suite 200
Frisco, TX  75034
972.668.6400 – Telephone
972.668.6414 – Facsimile
**ATTORNEY    FOR    INDIVIDUAL DEFENDANTS**

### CERTIFICATE OF CONFERENCE

This will certify that as counsel for the Individual Defendants, I conferred with Plaintiff's counsel on June 18-19, 2026 regarding the merits of the foregoing motion.  Plaintiff's counsel advises that he is unopposed to a stay of discovery until the pending motions to dismiss are resolved.  Counsel for co-defendant The Brownsville Firefighters Association Local 970 advises that co-defendant does not oppose the requested relief.

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was provided to all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF filing on the 22nd day of June 2026.

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**