**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, JARRETT** | § | |
| **SHELDON, INDIVIDUALLY AND AS** | § | |
| **FIRE CHIEF FOR THE CITY OF** | § | |
| **BROWNSVILLE, CESAR DE LEON,** | § | **CIVIL ACTION NO. 1:26-CV-00491** |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **THE ESTATE OF BEN NEECE,** | § | |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **AND THE BROWNSVILLE** | § | |
| **FIREFIGHTERS ASSOCIATION** | § | |
| **LOCAL 970** | § | |

**PLAINTIFF CARLOS ALBERTO ELIZONDO'S RESPONSE IN OPPOSITION TO DEFENDANT
BROWNSVILLE FIREFIGHTERS ASSOCIATION LOCAL 970'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff Carlos Alberto Elizondo submits this Response in Opposition to Defendant

Brownsville Firefighters Association Local 970's Rule 12(b)(6) Motion to Dismiss. The Motion

should be denied because Plaintiff's Original Petition plausibly alleges that Local 970 entered

the same retaliatory scheme as the other Defendants and, in particular, participated in the

malicious-prosecution course of conduct by agreeing to and furthering the use of false

allegations, fabricated evidence, and criminal referrals to justify Plaintiff's removal and

prosecution. See Plaintiff's Original Petition at **Exhibit A**.  At minimum, if the Court finds the

pleading could be more specific as to Local 970's role, Plaintiff respectfully requests leave to

amend rather than dismissal with prejudice. Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 15(a)(2); Bell

Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### I. Applicable Standard

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient factual matter to state a claim to relief that is plausible on its face. The Court must accept well-pleaded facts as true and draw reasonable inferences in Plaintiff's favor. Although conclusory allegations are not entitled to the presumption of truth, factual allegations must be credited at the pleading stage. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Thompson v. Microsoft Corp., 2 F.4th 460, 467 (5th Cir. 2021).

Because this case was filed originally in state court and later removed, federal pleading standards now govern, but Plaintiff should not be penalized for drafting the Original Petition under Texas's more permissive notice-pleading framework. If the Court concludes additional detail is needed as to Local 970, the proper remedy is leave to amend rather than dismissal with prejudice. Chartis Specialty Ins. Co. v. Tesoro Corp., 930 F.3d 302 (5th Cir. 2019); Fed. R. Civ. P. 15(a)(2).

### II. Argument

**A. The Petition plausibly alleges that Local 970 joined the unlawful agreement and participated in overt acts.**

Local 970 argues the Petition fails because it does not separately describe the Union's conduct in the factual background. That argument ignores the allegations actually pleaded.

The Petition alleges that:

> *"Defendants Cesar De Leon, Ben Neece, City Administration, the Brownsville Firefighter Association Local 970, and others acting in concert with them, entered into an agreement and understanding to accomplish an unlawful objective."*
> *Plaintiffs Original Petition, p. 20, ¶ 6.23*

*"Specifically, Defendants agreed to remove Plaintiff from his position as Fire Chief and to justify that decision through the creation of false allegations, fabricated evidence, and criminal referrals." Plaintiffs Original Petition, p. 20, ¶ 6.24*

*"In furtherance of this agreement, Defendants engaged in numerous overt acts, including commissioning a pretextual audit, misrepresenting the results of that audit, referring criminal accusations to prosecutors, and participating in Plaintiff's termination." Plaintiffs Original Petition, p. 20, ¶ 6.25*

Those allegations are not bare labels. They identify the alleged unlawful objective, the agreement, and overt acts. At the pleading stage, that is sufficient to place Local 970 on notice that it is accused of participating in the same retaliatory and prosecution-generating scheme as the City actors. Twombly, 550 U.S. at 555, 570; Iqbal, 556 U.S. at 678.

**B. The malicious-prosecution claim is plausibly pleaded against Local 970, it is filed within the proper statute of limitations, and it is the strongest claim as to all Defendants.**

Local 970's motion is most vulnerable where it tries to isolate itself from the malicious-prosecution count. The Petition alleges that Defendants, including Local 970 as part of the conspiracy, knowingly supplied false and incomplete information, withheld exculpatory facts, and caused criminal proceedings to be initiated and maintained against Plaintiff.

The malicious prosecution count specifically alleges:

*"Defendants, acting under color of state law, caused criminal proceedings to be initiated against Plaintiff without probable cause." Plaintiffs Original Petition, p. 18, ¶ 6.09*

*"Specifically, Defendants knowingly and intentionally provided false, misleading, and incomplete information to law enforcement authorities and prosecutors concerning Plaintiff's alleged involvement in Theft by a Public Servant and Misapplication of Fiduciary Property, as well as alleged unauthorized access to the City's computer systems." Plaintiffs Original Petition, p. 18, ¶ 6.10*

*"Defendants failed to disclose material exculpatory information to investigators and prosecutors, including the fact that the operational practices underlying the allegations against Plaintiff had been known to and authorized by City leadership." Plaintiffs Original Petition, p. 18, ¶ 6.11*

*"Defendants' actions were undertaken maliciously and for the improper purpose of retaliating against Plaintiff for refusing to participate in unlawful or unethical conduct requested by City officials." Plaintiffs Original Petition, p. 18, ¶ 6.12*

*"The criminal proceedings terminated in Plaintiff's favor, including a jury verdict of not guilty in September 2019 and the dismissal of remaining charges on April 2025." Plaintiffs Original Petition, p. 18, ¶ 6.13*

Those allegations satisfy the core components of a § 1983 malicious-prosecution theory under controlling precedent. The Supreme Court held in Thompson v. Clark, 596 U.S. 36 (2022) that favorable termination is satisfied when the criminal prosecution ends without a conviction. The Fifth Circuit likewise recognizes that malicious prosecution claims require allegations of prosecution without probable cause and favorable termination. See Winfrey v. Rogers, 901 F.3d 483 (5th Cir. 2018).

Just as importantly, the Petition alleges causation through tainted reporting and concealment of exculpatory facts. The Fifth Circuit holds that the independent-intermediary doctrine does not defeat a claim where the plaintiff plausibly alleges the defendants supplied false information, withheld material information, or otherwise tainted the prosecutor's or grand jury's decision. See Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808 (5th Cir. 2010); Winfrey v. Rogers, 901 F.3d 483 (5th Cir. 2018).

That is precisely what Plaintiff alleges here: Local 970 was not merely a passive bystander. The Petition pleads that Local 970 acted "in concert" with other Defendants, joined the agreement to remove Plaintiff, and participated in overt acts aimed at justifying his removal

through false allegations, fabricated evidence, and criminal referrals. Plaintiffs Original Petition, p. 20, ¶¶ 6.23-6.27 At the pleading stage, Plaintiff is not required to prove the Union's internal meetings or every spoken word; he need only plead facts supporting a plausible inference that Local 970 joined the scheme and contributed to the prosecution. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678

Local 970's limitations argument fails because Plaintiff's malicious prosecution claim did not accrue until the underlying criminal proceedings terminated in Plaintiff's favor. Under Texas law, malicious prosecution is subject to a one-year limitations period, but the claim does not accrue until favorable termination. Tex. Civ. Prac. & Rem. Code § 16.002(a); Heck v. Humphrey, 512 U.S. 477 (1994); Thompson v. Clark, 596 U.S. 36 (2022). The Petition alleges that Plaintiff's remaining criminal charges were dismissed in April 2025, "which resulted in the complete and favorable termination of all criminal prosecutions brought against Plaintiff." Plaintiff's Original Petition, p. 5, ¶ 5.18; Plaintiff's Original Petition, p. 18, ¶ 6.13. Because Plaintiff filed suit on March 31, 2026, the malicious prosecution claim against Local 970 was filed within one year of accrual and is timely.

**C. The Petition alleges more than a conclusory civil conspiracy; it pleads Local 970's role in the prosecution-generating scheme.**

Local 970 argues that it is only lumped into a collective group and that no specific conduct is attributed to it. But the Petition's conspiracy count expressly includes Local 970 and alleges an agreement to remove Plaintiff and justify that decision through false allegations, fabricated evidence, and criminal referrals. Plaintiffs Original Petition, p. 20, ¶¶ 6.23-6.25

Where, as here, the pleadings describe the object of the conspiracy, identify the participants, and allege overt acts in furtherance of the scheme, the claim is plausibly pleaded. The fact that Local 970's exact internal mechanics are not fully spelled out is not fatal at the pleading stage, particularly where the Union is alleged to have acted in concert with public officials and to have contributed to the referral-driven prosecution. Twombly, 550 U.S. at 555; Martinez v. City of N. Richland Hills, 846 F. App'x 238, 243 (5th Cir. 2021)

**D. Local 970's "shotgun pleading" argument fails because the Petition identifies the conduct, the theory, and the injury.**

Local 970 contends the Petition is a shotgun pleading because the earlier counts do not single the Union out by name. But the Federal Rules require fair notice, not evidentiary detail. The Petition alleges a coherent sequence: Plaintiff refused improper requests; Defendants retaliated; an audit was misused; false criminal allegations were made; criminal proceedings ensued; and Plaintiff was ultimately prosecuted and terminated. Plaintiffs Original Petition, pp. 3-6, ¶¶ 5.04-5.23 Count V then specifically names Local 970 and alleges that it joined the agreement and overt acts. Plaintiffs Original Petition, p. 20, ¶¶ 6.23-6.27

That is enough to defeat dismissal under Rule 12(b)(6). If the Court wants Local 970's conduct pleaded with greater particularity, the better remedy is leave to amend.

**E. The malicious-prosecution claim is the most viable claim against Local 970 because the Petition ties the Union to the false-referral and prosecution narrative.**

This is the key point for Local 970. The Petition does not merely accuse the Union of generalized workplace hostility. It accuses Local 970 of joining an unlawful scheme to generate and sustain criminal accusations that led to Plaintiff's arrest, public humiliation, prosecution,

and eventual favorable termination. Plaintiffs Original Petition, pp. 18-20, ¶¶ 6.09-6.13, 6.23-6.27

That claim is especially strong because:

1. the Petition alleges false statements and omissions to investigators and prosecutors;

2. the Petition alleges those acts caused criminal charges;

3. the Petition alleges a favorable end to those proceedings; and

4. the Petition alleges Local 970 participated in the same agreement to remove Plaintiff and justify the removal through criminal accusations.

Under Thompson v. Clark, 596 U.S. 36 (2022) and Winfrey v. Rogers, 901 F.3d 483 (5th Cir. 2018), those allegations are more than enough to proceed past dismissal.

**F. If the Court finds any deficiency, leave to amend should be granted.**

If the Court determines that Plaintiff should plead more detail regarding Local 970's precise acts, the proper response is leave to amend under Fed. R. Civ. P. 15(a)(2). The Fifth Circuit and Supreme Court both recognize that leave should be freely given where the pleading may be cured and amendment would not be futile. Foman v. Davis, 371 U.S. 178 (1962); Stripling v. Jordan Prod. Co., 234 F.3d 863 (5th Cir. 2000)

**Plaintiff respectfully requests leave, if needed, to clarify:**

1. Local 970's participation in the agreement with City actors;

2. the Union's role in the pretextual audit and criminal referrals; and

3. the specific facts tying the Union to the malicious-prosecution theory.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Local 970's Motion to Dismiss. The Petition plausibly alleges that Local 970 joined the retaliatory conspiracy and, most importantly, contributed to the malicious-prosecution scheme that led to Plaintiff's arrest, prosecution, and eventual favorable termination. Alternatively, if the Court finds additional factual detail is needed, Plaintiff requests dismissal without prejudice and leave to amend.

Respectfully submitted,

BARRERA, SANCHEZ & ASSOCIATES, P.C.
10113 N. 10th Street, Suite A
McAllen, Texas 78504
Telephone: (956) 287-7555
Facsimile: (956) 287-7711
Email: marcus@bsmlawyers.com
Email: melissa@bsmlawyers.com

By: /s/ Marcus C. Barrera
        Marcus C. Barrera
        Texas Bar No. 00790271
        ATTORNEYS FOR PLAINTIFF
        CARLOS ALBERTO ELIZONDO

### CERTIFICATE OF SERVICE

I certify that on June 26, 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Court's electronic filing procedures.

*/s/ Marcus C. Barrera*
Marcus C. Barrera