**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, JARRETT** | § | |
| **SHELDON, INDIVIDUALLY AND AS** | § | |
| **FIRE CHIEF FOR THE CITY OF** | § | |
| **BROWNSVILLE, CESAR DE LEON,** | § | **CIVIL ACTION NO. 1:26-CV-00491** |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **THE ESTATE OF BEN NEECE,** | § | |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **AND THE BROWNSVILLE** | § | |
| **FIREFIGHTERS ASSOCIATION** | § | |
| **LOCAL 970** | § | |

**PLAINTIFF CARLOS ALBERTO ELIZONDO'S RESPONSE IN OPPOSITION TO DEFENDANTS CESAR DE LEON'S AND THE ESTATE OF BEN NEECE'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff Carlos Alberto Elizondo opposes Defendants Cesar De Leon's and the Estate of Ben Neece's Rule 12(b)(6) Motion to Dismiss. Plaintiff's Original Petition alleges detailed, individualized facts showing that De Leon and Neece personally participated in a retaliatory and wrongful campaign that included pressure, false criminal referrals, concealment of exculpatory information, and termination-related stigma. See Plaintiff's Original Petition at **Exhibit A**. At the pleading stage, those allegations are sufficient to defeat dismissal.

**I. Governing Standard**

A Rule 12(b)(6) motion tests the sufficiency of the pleadings, not the merits. The Court must accept all well-pleaded facts as true and draw reasonable inferences in Plaintiff's favor. See

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). Dismissal is appropriate only if the complaint fails to plead enough facts to state a claim that is plausible on its face. Twombly, 550 U.S. at 570.

Where qualified immunity is asserted at the pleading stage, the Court considers whether the Petition plausibly alleges a violation of a clearly established right as to each individual defendant. See Harlow v. Fitzgerald, 457 U.S. 800 (1982); Pearson v. Callahan, 555 U.S. 223 (2009); Darden v. City of Fort Worth, 880 F.3d 722 (5th Cir. 2018). The plaintiff must plead particularized facts as to each defendant, but the complaint need not prove the case at this stage. See Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).

### II. The Petition Pleads Specific, Individualized Conduct by De Leon and Neece

Defendants' principal premise is that Plaintiff has lumped them together. The Petition says otherwise. See Plaintiff's Original Petition at **Exhibit A**.  Plaintiff alleges that:

> *"certain members of the Brownsville City Commission, including Commissioner Cesar De Leon and Commissioner Ben Neece, began pressuring Plaintiff to use his position as a BISD Trustee to advance their personal and professional interests." Plaintiff's Original Petition, p. 3, ¶ 5.04.*

Plaintiff further alleges:

> *"Commissioners De Leon and Neece sought to establish a quid pro quo arrangement in which Plaintiff would use his influence as a BISD Trustee to affect matters involving legal services and litigation involving BISD in ways that would benefit their private law practices and professional interests." Plaintiff's Original Petition, p. 3, ¶ 5.04.*

And:

> *"These officials sought Plaintiff's assistance in influencing matters involving litigation pending against BISD...." Plaintiff's Original Petition, p. 3, ¶ 5.05.*

The Petition then alleges retaliation after Plaintiff refused:

*"After Plaintiff refused to comply with these requests, Defendants began retaliating against him." Plaintiff's Original Petition, p. 4, ¶ 5.07.*

*"Following Plaintiff's refusal to cooperate, certain City officials, including Commissioners Cesar De Leon and Ben Neece began a concerted effort to remove Plaintiff from his position as Fire Chief and to damage his reputation and career." Plaintiff's Original Petition, p. 4, ¶ 5.08.*

These allegations are specific enough to state individual-capacity claims and to provide fair notice under Federal Rule of Civil Procedure 8(a)(2) which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."

### III. Limitations Is Not Apparent on the Face of the Petition

Defendants argue that most or all claims are time-barred because some events occurred in 2019. That argument fails for at least two reasons.

First, limitations may be resolved on a Rule 12(b)(6) motion only when the bar is clear from the face of the pleadings. See Jones v. Alcoa, Inc., 339 F.3d 359 (5th Cir. 2003). The Petition pleads a continuing course of retaliatory conduct culminating in favorable termination in 2025, including the dismissal of the remaining felony charges:

*"The remaining criminal charges for Theft by a Public Servant and Misapplication of Fiduciary Property were eventually dismissed in April 2025 which resulted in the complete and favorable termination of all criminal prosecutions brought against Plaintiff." Plaintiff's Original Petition, p. 5, ¶ 5.18.*

Second, federal accrual rules govern § 1983 claims, and claims that depend on favorable termination do not accrue until that termination occurs. See Heck v. Humphrey, 512 U.S. 477 (1994); Thompson v. Clark, 596 U.S. 36 (2022). The Petition specifically alleges favorable termination in April 2025. Plaintiff's Original Petition, p. 5, ¶ 5.18.

Accordingly, limitations does not provide a basis for dismissal at this stage.

**IV. Res Judicata and Collateral Estoppel Do Not Warrant Dismissal**

Defendants also contend that Plaintiff's prior civil-service and state-court proceedings preclude these claims. That defense is not established on the pleadings.

Under Texas law, res judicata requires:

1.  a prior final judgment on the merits by a court of competent jurisdiction;

2.  identity of parties or those in privity with them; and

3.  a second action based on the same claims as were raised or could have been raised in the first action. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996). The doctrine is not automatic merely because a defendant served as a municipal official.

Plaintiff's Original Petition sues De Leon and Neece in their individual capacities for damages and official capacities for prospective relief. Plaintiff's Original Petition, p. 2, ¶¶ 2.04–2.05. It also alleges personal conduct by each of them that goes beyond the employment termination decision, including false criminal referrals and concealment of exculpatory information:

> *"Defendants knowingly and intentionally misrepresented facts to the Cameron County District Attorney's Office…" Plaintiff's Original Petition, p. 4, ¶ 5.12.*

> *"Defendants knowingly and intentionally failed to disclose critical exculpatory information…." Plaintiff's Original Petition, p. 4, ¶ 5.12.*

Those allegations support claims that are not necessarily identical to claims resolved in the civil-service appeal. At minimum, Defendants have not established the required identity of claims and parties for dismissal on the pleadings.

### V. Plaintiff Plausibly States First Amendment Retaliation

Defendants argue Plaintiff did not plead protected speech because he alleges refusal to participate in misconduct. The Petition, however, pleads both speech and conduct on matters of public concern:

> *"Plaintiff's refusal to engage in corruption and his stance against improper governmental conduct constituted speech and conduct as a citizen and elected official on matters of significant public concern, including governmental corruption, misuse of public office, and abuse of governmental authority." Plaintiff's Original Petition, p. 4, ¶ 5.07.*

> *"Plaintiff… spoke and acted as a citizen on matters of public concern, including matters involving governmental corruption, misuse of public office, improper influence over public institutions…." Plaintiff's Original Petition, p. 16, ¶ 6.03.*

The Petition also pleads adverse action and causation:

> *"Defendants, acting under color of state law, subjected Plaintiff to adverse employment actions, including but not limited to initiating investigations, fabricating allegations of wrongdoing, referring criminal accusations to prosecutors, and ultimately terminating Plaintiff's employment as Fire Chief." Plaintiff's Original Petition, p. 17, ¶ 6.05.*

To state a First Amendment retaliation claim, Plaintiff must allege protected activity, adverse action, and a causal link. See Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002). He has done so.

### VI. Plaintiff Plausibly States Malicious Prosecution and Fabrication-of-Evidence Claims

The Petition alleges that De Leon and Neece knowingly provided false and incomplete information to prosecutors and concealed exculpatory facts:

> *"Defendants knowingly and intentionally misrepresented facts to the Cameron County District Attorney's Office alleging Plaintiff had committed the criminal offenses…." Plaintiff's Original Petition, p. 4, ¶ 5.12.*

> *"In making these allegations, Defendants knowingly and intentionally failed to disclose critical exculpatory information…."* Plaintiff's Original Petition, p. 4, ¶ 5.12.

> *"Defendants knowingly fabricated, manipulated, and misrepresented evidence and withheld material information to create the appearance of criminal wrongdoing where none existed."* Plaintiff's Original Petition, p. 6, ¶ 5.20.

The Petition further pleads causation:

> *"Based upon the misleading and incomplete information provided by City officials, criminal proceedings were initiated against Plaintiff."* Plaintiff's Original Petition, p. 5, ¶ 5.14.

> *"Plaintiff was arrested and formally charged with felony offenses."* Plaintiff's Original Petition, p. 5, ¶ 5.14.

> *"The criminal proceedings terminated in Plaintiff's favor…."* Plaintiff's Original Petition, p. 18, ¶ 6.13.

The pleaded facts are sufficient to state malicious prosecution and fabrication-of-evidence claims at the pleading stage. See Thompson v. Clark, 596 U.S. 36 (2022); Manuel v. City of Joliet, 580 U.S. 357 (2017).

Defendants' statute of limitations argument fails because Plaintiff's malicious-prosecution claim did not accrue until the underlying criminal proceedings terminated in Plaintiff's favor. Under Texas law, malicious prosecution is subject to a one-year limitations period, but the claim does not accrue until favorable termination. Tex. Civ. Prac. & Rem. Code § 16.002(a); Heck v. Humphrey, 512 U.S. 477 (1994); Thompson v. Clark, 596 U.S. 36 (2022). The Petition alleges that Plaintiff's remaining criminal charges were dismissed in April 2025, "which resulted in the complete and favorable termination of all criminal prosecutions brought against Plaintiff." Plaintiff's Original Petition, p. 5, ¶ 5.18; Plaintiff's Original Petition, p. 18, ¶ 6.13.

Because Plaintiff filed suit on March 31, 2026, the malicious prosecution claim against Defendants was filed within one year of accrual and is timely.

### VII. Plaintiff Plausibly States a Stigma-Plus Due Process Claim

Defendants argue that Plaintiff has not alleged the required "plus" injury. The Petition alleges both stigmatizing public accusations and a concrete employment-related deprivation:

> *"The City publicly associated Plaintiff's termination with allegations of serious felony misconduct, creating a false and stigmatizing impression that Plaintiff had engaged in criminal wrongdoing." Plaintiff's Original Petition, p. 5, ¶ 5.15.*

> *"These accusations were false and stigmatizing and were publicly disseminated in connection with Plaintiff's termination." Plaintiff's Original Petition, p. 20, ¶ 6.29.*

> *"Plaintiff was not provided a meaningful opportunity to clear his name before or after these accusations were made." Plaintiff's Original Petition, p. 20, ¶ 6.31.*

The Fifth Circuit recognizes that stigma-plus claims require public stigma plus an alteration of legal status or other tangible interest. See Blackburn v. City of Marshall, 42 F.3d 925, 935–36 (5th Cir. 1995). Plaintiff has plausibly pleaded both elements.

### VIII. The State-Law Claims Also Survive the Motion

The Petition pleads abuse of process and civil conspiracy with specificity.

For abuse of process, Plaintiff alleges:

> *"Defendants used legal and administrative processes, including internal disciplinary investigations, audits, and criminal referrals, for purposes other than those for which such processes were intended." Plaintiff's Original Petition, p. 19, ¶ 6.20.*

> *"Defendants used these processes not to pursue legitimate governmental objectives but instead to retaliate against Plaintiff, intimidate him, and justify his removal from office." Plaintiff's Original Petition, p. 19, ¶ 6.21.*

For civil conspiracy, Plaintiff alleges:

*"Defendants Cesar De Leon, Ben Neece, City Administration, the Brownsville Firefighter Association Local 970, and others acting in concert with them, entered into an agreement and understanding to accomplish an unlawful objective." Plaintiff's Original Petition, p. 20, ¶ 6.23.*

*"Specifically, Defendants agreed to remove Plaintiff from his position as Fire Chief and to justify that decision through the creation of false allegations, fabricated evidence, and criminal referrals." Plaintiff's Original Petition, p. 20, ¶ 6.24.*

Those allegations are sufficient to plead the state-law causes of action against De Leon and Neece, at least for present pleading purposes.

### IX. Qualified Immunity Does Not Justify Dismissal at This Stage

Qualified immunity does not shield officials who fabricate evidence, knowingly provide false information to prosecutors, or retaliate against protected public speech. Plaintiff has specifically alleged that:

*"Defendants De Leon and Neece personally participated in, directed, encouraged, or knowingly approved the retaliatory actions and criminal referrals described herein." Plaintiff's Original Petition, p. 8, ¶ 5.35.*

*"No reasonable public official could believe it lawful to fabricate or manipulate evidence, conceal exculpatory information, or initiate criminal proceedings for retaliatory purposes." Plaintiff's Original Petition, p. 8, ¶ 5.34.*

*"The constitutional rights violated by Defendants were clearly established at the time of their conduct…." Plaintiff's Original Petition, p. 8, ¶ 5.33.*

Those allegations are sufficient to defeat dismissal on qualified-immunity grounds at the Rule 12(b)(6) stage.

### X. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants Cesar De Leon's and the Estate of Ben Neece's Rule 12(b)(6) Motion to Dismiss in its entirety,

including all qualified-immunity arguments, and grant Plaintiff all further relief, at law or in equity, to which he is entitled.

Respectfully submitted,

BARRERA, SANCHEZ & ASSOCIATES, P.C.
10113 N. 10th Street, Suite A
McAllen, Texas 78504
Telephone: (956) 287-7555
Facsimile: (956) 287-7711
Email: marcus@bsmlawyers.com
Email: melissa@bsmlawyers.com

By: /s/ Marcus C. Barrera
        Marcus C. Barrera
        Texas Bar No. 00790271
        ATTORNEYS FOR PLAINTIFF
        CARLOS ALBERTO ELIZONDO

## CERTIFICATE OF SERVICE

I certify that on June _____, 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Court's electronic filing procedures.

/s/ Marcus C. Barrera
Marcus C. Barrera