**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, JARRETT** | § | |
| **SHELDON, INDIVIDUALLY AND AS** | § | |
| **FIRE CHIEF FOR THE CITY OF** | § | |
| **BROWNSVILLE, CESAR DE LEON,** | § | **CIVIL ACTION NO. 1:26-CV-00491** |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **THE ESTATE OF BEN NEECE,** | § | |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **AND THE BROWNSVILLE** | § | |
| **FIREFIGHTERS ASSOCIATION** | § | |
| **LOCAL 970** | § | |

**PLAINTIFF CARLOS ALBERTO ELIZONDO'S RESPONSE IN OPPOSITION TO DEFENDANT CITY OF BROWNSVILLE'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff, Carlos Alberto Elizondo, files this Response in Opposition to Defendant City of Brownsville's Motion to Dismiss. The City's motion should be denied because Plaintiff's Original Petition plausibly pleads timely federal claims, a Monell theory, protected First Amendment activity, malicious prosecution, stigma-plus due process injury, and state-law claims that cannot be dismissed with prejudice at this stage. See Plaintiff's Original Petition at **Exhibit A**, pp. 3-21, ¶¶ 5.04-6.37.

**I. Applicable Standard**

To survive a Rule 12(b)(6) motion, a pleading must contain enough factual matter to state a claim that is plausible on its face, and the Court must accept well-pleaded facts as true

and draw reasonable inferences in Plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A claim is plausible when the pleaded facts allow the Court to draw a reasonable inference that the defendant is liable. Iqbal, 556 U.S. at 678.

Because this case was originally filed in state court and later removed, the Court should also consider that Plaintiff drafted the Original Petition under Texas's more lenient notice-pleading framework. If the Court finds any pleading deficiency, leave to amend should be freely granted. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).

## II. Argument

**A. Plaintiff's claims are not barred by limitations at the pleading stage.**

The City argues that Plaintiff's claims are untimely because many events began in 2019. That argument fails because the Petition pleads later-accruing claims, including malicious prosecution, and alleges a continuing retaliatory course of conduct.

Plaintiff alleges that the criminal charges relating to alleged unauthorized computer access ended in a not-guilty verdict in September 2019, and that the remaining charges were dismissed in April 2025, resulting in "the complete and favorable termination of all criminal prosecutions brought against Plaintiff." Plaintiff's Original Petition, p. 5, ¶ 5.18; p. 14, ¶ 5.75; p. 18, ¶ 6.13.

Under Thompson v. Clark, 596 U.S. 36, 42 (2022), favorable termination for a malicious-prosecution claim occurs when the prosecution ends without a conviction. Because Plaintiff

pleads a dismissal in April 2025 and filed suit on March 31, 2026, the malicious-prosecution claim is timely on the face of the Petition. Plaintiff's Original Petition, p. 18, ¶ 6.13.

The Petition also pleads a continuing retaliatory sequence, not a single isolated event. See Plaintiff's Original Petition, pp. 4-10, ¶¶ 5.07-5.48; pp. 14-15, ¶¶ 5.70-5.82. At minimum, limitations is not a basis for wholesale dismissal where the pleading alleges later-accruing and continuing injury.

**B. Res judicata and collateral estoppel do not warrant dismissal at this stage.**

The City argues that Plaintiff's prior civil-service appeal and state-court review preclude this suit. But the City has not shown from the face of the Petition that all of Plaintiff's present federal claims were actually and necessarily litigated and decided.

The Petition alleges constitutional retaliation, malicious prosecution, fabrication of evidence, and stigma-plus due process claims based on false criminal allegations, misleading referrals, and public stigmatization. Plaintiff's Original Petition, pp. 4-6, ¶¶ 5.09-5.24; pp. 16-21, ¶¶ 6.02-6.37.

The City relies on the prior civil-service process and appeal, but that does not automatically establish claim or issue preclusion for every federal claim asserted here. See Cox v. Nueces Cnty., Tex., 839 F.3d 418, 420-21 (5th Cir. 2016). Preclusion is an affirmative defense that can support dismissal only when its elements are established on the pleadings and judicially noticeable materials. Smith v. Waste Mgmt., Inc., 407 F.3d 381, 386-87 (5th Cir. 2005). That showing has not been made here as to the full scope of Plaintiff's claims.

**C. Plaintiff plausibly pleads Monell liability against the City.**

The City contends Plaintiff fails to allege an official policy, final policymaker action, or a widespread custom. That misreads the Petition.

Plaintiff alleges that the City acted through officials with final policymaking authority, including the City Commission and City Manager, and that those policymakers approved, ratified, and enforced the challenged actions. Plaintiff's Original Petition, pp. 7-13, ¶¶ 5.25-5.64.

Specifically, Plaintiff pleads that:

> *"The Brownsville City Commission, including Commissioners Cesar De Leon and Ben Neece, along with City Administration, participated in, directed, approved, and or ratified the decisions to initiate investigations against Plaintiff." Plaintiff's Original Petition, p. 7, ¶ 5.28.*

> *"These actions were taken pursuant to the authority of the City's governing body and constituted official policy of the City of Brownsville." Plaintiff's Original Petition, p. 7, ¶ 5.28.*

> *"The City of Brownsville maintained policies, customs, and practices that permitted or encouraged retaliation against public employees who refused to participate in improper conduct or who opposed misconduct by City officials." Plaintiff's Original Petition, p. 7, ¶ 5.29.*

> *"The unconstitutional acts described herein were therefore undertaken pursuant to official municipal policy, longstanding custom, and/or the ratification of final policymakers." Plaintiff's Original Petition, p. 7, ¶ 5.30.*

The Petition repeats and expands those allegations in the Monell section. Plaintiff's Original Petition, pp. 11-12, ¶¶ 5.51-5.60; pp. 12-13, ¶¶ 5.61-5.64.

Under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94 (1978), Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986), and City of St. Louis v. Praprotnik, 485 U.S. 112, 123-27

(1988), municipal liability may arise from official policy, custom, or ratification by a final policymaker. Plaintiff's allegations track those theories.

The City's argument that Plaintiff names only two commissioners overlooks the Petition's broader allegations involving the City Commission, City Manager, and City administration. Plaintiff's Original Petition, pp. 7, 11-13, ¶¶ 5.26-5.30, 5.51-5.64. At the pleading stage, that is enough to proceed.

**D. Plaintiff adequately pleads protected First Amendment activity.**

The City argues Plaintiff alleged only a refusal to act, not protected speech. That argument is too narrow. The Petition expressly alleges both speech and conduct on matters of public concern.

Plaintiff alleges that:

> *"Plaintiff's refusal to participate in these improper acts placed him in direct conflict with certain City officials. After Plaintiff refused to comply with these requests, Defendants began retaliating against him. Plaintiff's refusal to engage in corruption and his stance against improper governmental conduct constituted speech and conduct as a citizen and elected official on matters of significant public concern."* Plaintiff's Original Petition, p. 4, ¶ 5.07.

Plaintiff further alleges that he "spoke and acted as a citizen on matters of public concern, including matters involving governmental corruption, misuse of public office, improper influence over public institutions, and attempts by public officials to use their offices to obtain personal and professional benefits." Plaintiff's Original Petition, p. 16, ¶ 6.03.

The City's motion ignores these express allegations. Under Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002), a plaintiff states a First Amendment retaliation claim by pleading

protected activity, adverse action, and causation. Plaintiff has done so. Plaintiff's Original Petition, pp. 16-17, ¶¶ 6.03-6.08.

**E. Plaintiff adequately pleads malicious prosecution.**

The City contends Plaintiff does not plead a constitutional violation because the criminal process was supported by probable cause and intervening grand jury action. The Petition pleads otherwise.

Plaintiff alleges that Defendants "knowingly and intentionally misrepresented facts to the Cameron County District Attorney's Office" and "knowingly and intentionally failed to disclose critical exculpatory information." Plaintiff's Original Petition, p. 5, ¶ 5.12.

Plaintiff further alleges:

> *"Defendants, acting under color of state law, caused criminal proceedings to be initiated against Plaintiff without probable cause." Plaintiff's Original Petition, p. 18, ¶ 6.09.*

> *"Defendants knowingly and intentionally provided false, misleading, and incomplete information to law enforcement authorities and prosecutors." Plaintiff's Original Petition, p. 18, ¶ 6.10.*

> *"Defendants failed to disclose material exculpatory information to investigators and prosecutors." Plaintiff's Original Petition, p. 18, ¶ 6.11.*

> *"Defendants' actions were undertaken maliciously and for the improper purpose of retaliating against Plaintiff." Plaintiff's Original Petition, p. 18, ¶ 6.12.*

> *"The criminal proceedings terminated in Plaintiff's favor, including a jury verdict of not guilty in September 2019 and the dismissal of remaining charges on April 2025." Plaintiff's Original Petition, p. 18, ¶ 6.13.*

Those allegations are sufficient under Thompson v. Clark, 596 U.S. 36 (2022), Winfrey v. Rogers, 901 F.3d 483 (5th Cir. 2018), and Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 814

(5th Cir. 2010). The Petition specifically alleges false reporting and concealment of exculpatory information, which are the kinds of facts that can defeat the independent-intermediary argument at the pleading stage. Plaintiff's Original Petition, pp. 5, 18, ¶¶ 5.10-5.13, 6.09-6.13.

Defendant's statute of limitations argument fails because Plaintiff's malicious prosecution claim did not accrue until the underlying criminal proceedings terminated in Plaintiff's favor. Under Texas law, malicious prosecution is subject to a one-year limitations period, but the claim does not accrue until favorable termination. Tex. Civ. Prac. & Rem. Code § 16.002(a); Heck v. Humphrey, 512 U.S. 477 (1994); Thompson v. Clark, 596 U.S. 36 (2022). The Petition alleges that Plaintiff's remaining criminal charges were dismissed in April 2025, "which resulted in the complete and favorable termination of all criminal prosecutions brought against Plaintiff." Plaintiff's Original Petition, p. 5, ¶ 5.18; Plaintiff's Original Petition, p. 18, ¶ 6.13. Because Plaintiff filed suit on March 31, 2026, the malicious prosecution claim against Defendants was filed within one year of accrual and is timely.

**F. Plaintiff adequately pleads a stigma-plus due process claim.**

The City argues Plaintiff alleges only reputational harm and lost employment opportunities, which are insufficient. But the Petition pleads more.

Plaintiff alleges that:

> *"The City publicly associated Plaintiff's termination with allegations of serious felony misconduct, creating a false and stigmatizing impression that Plaintiff had engaged in criminal wrongdoing." Plaintiff's Original Petition, p. 5, ¶ 5.15.*

> *"Defendants' actions damaged Plaintiff's reputation and foreclosed future employment opportunities in his profession." Plaintiff's Original Petition, p. 20, ¶ 6.30.*

*"Plaintiff was not provided a meaningful opportunity to clear his name before or after these accusations were made." Plaintiff's Original Petition, p. 20, ¶ 6.31.*

*"Defendants' conduct deprived Plaintiff of a protected liberty interest without due process of law." Plaintiff's Original Petition, p. 20, ¶ 6.32.*

Under Blackburn v. City of Marshall, 42 F.3d 925, 935-36 (5th Cir. 1995), a stigma-plus claim requires stigma plus an additional protected interest. Plaintiff pleads public accusations in connection with termination and the denial of a meaningful name-clearing opportunity. Plaintiff's Original Petition, pp. 5, 20, ¶¶ 5.15, 6.28-6.32.

**G. Plaintiff's state-law claims should not be dismissed with prejudice at this stage.**

The City argues that Plaintiff's state-law claims fail because of election of remedies and governmental immunity. Those defenses do not support dismissal with prejudice of the entire pleading at this stage, particularly where the case was initially filed in state court and Plaintiff should be allowed to amend if needed.

Plaintiff asserts state-law claims for abuse of process, civil conspiracy, and intentional infliction of emotional distress. Plaintiff's Original Petition, pp. 19-21, ¶¶ 6.19-6.37.

The Petition alleges that Defendants "used legal and administrative processes, including internal disciplinary investigations, audits, and criminal referrals, for purposes other than those for which such processes were intended." Plaintiff's Original Petition, p. 19, ¶ 6.20.

It further alleges that Defendants used these processes to retaliate and intimidate Plaintiff. Plaintiff's Original Petition, p. 19, ¶¶ 6.21-6.22. It also alleges a civil conspiracy involving the Union and others. Plaintiff's Original Petition, p. 19, ¶¶ 6.23-6.27.

To the extent the City argues that these claims are barred by the Texas Tort Claims Act, that position may have force as to certain state-law theories, but it does not defeat Plaintiff's federal claims, and it does not justify dismissal with prejudice where amendment may cure any pleading deficiency. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiffs Original petition expressly pleads federal claims under § 1983, including First Amendment retaliation, malicious prosecution, fabrication of evidence, and stigma-plus due process violations. Plaintiff's Original Petition, pp. 16-21, ¶¶ 6.02-6.37. Section 101.106 is a state-law election-of-remedies provision that governs Texas tort claims - it does not extinguish independent federal causes of action. See Franka v. Velasquez, 332 S.W.3d 367, 379-80 (Tex. 2011); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 659-64 (Tex. 2008). Accordingly, even if §101.106 applies to some or all of Plaintiff's state-law claims, it does not bar Plaintiff's federal claims under 42 U.S.C. § 1983, nor does it defeat the City's liability on the federal constitutional claims pleaded in the Petition.

## III. Alternative Request for Leave to Amend

If the Court determines that any claim needs additional factual detail, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice. Plaintiff can clarify, if necessary:

1. the exact factual basis for Monell liability;

2. the speech and protected-conduct allegations underlying the First Amendment claim;

3. the specific acts by each Defendant supporting malicious prosecution; and

4. the pleading of state-law claims in the alternative.

See Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178 (1962).

**IV. Conclusion**

For these reasons, Plaintiff respectfully requests that the Court deny the City of Brownsville's Motion to Dismiss. Plaintiff's Original Petition contains direct factual allegations, cited above by page and paragraph, that plausibly support each challenged claim. Alternatively, if the Court finds any deficiency, Plaintiff requests dismissal without prejudice and leave to amend.

Respectfully submitted,

BARRERA, SANCHEZ & ASSOCIATES, P.C.
10113 N. 10th Street, Suite A
McAllen, Texas 78504
Telephone: (956) 287-7555
Facsimile: (956) 287-7711
Email: marcus@bsmlawyers.com
Email: melissa@bsmlawyers.com

By: /s/ Marcus C. Barrera
    Marcus C. Barrera
    Texas Bar No. 00790271
    ATTORNEYS FOR PLAINTIFF
    CARLOS ALBERTO ELIZONDO

**CERTIFICATE OF SERVICE**

I certify that on June ____, 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Court's electronic filing procedures.

/s/ Marcus C. Barrera
Marcus C. Barrera