**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, JARRETT** | § | |
| **SHELDON, INDIVIDUALLY AND AS** | § | |
| **FIRE CHIEF FOR THE CITY OF** | § | |
| **BROWNSVILLE, CESAR DE LEON,** | § | **CIVIL ACTION NO. 1:26-CV-00491** |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **THE ESTATE OF BEN NEECE,** | § | |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **AND THE BROWNSVILLE** | § | |
| **FIREFIGHTERS ASSOCIATION** | § | |
| **LOCAL 970** | § | |

**PLAINTIFF CARLOS ALBERTO ELIZONDO'S RESPONSE IN OPPOSITION TO DEFENDANT**
**JARRETT SHELDON'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff opposes Defendant Jarrett Sheldon's Motion to Dismiss. Plaintiff's Original

Petition pleads detailed facts showing Sheldon's personal role in the retaliatory campaign, the

criminal referrals, and the termination; the motion largely attempts to reargue facts, draw

inferences against Plaintiff, and impose summary-judgment standards at the pleading stage. See

Plaintiff's Original Petition at **Exhibit A**.  The motion should be denied, or at minimum Plaintiff

should be granted leave to amend if the Court identifies any curable pleading deficiency.

### I. Applicable Pleading Standard

Under Fed. R. Civ. P. 12(b)(6), the Court must accept well-pleaded facts as true and draw reasonable inferences in Plaintiff's favor. A complaint need only contain enough factual matter to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court may disregard conclusory statements, but it may not ignore specific factual allegations tied to the defendant's conduct.

The Fifth Circuit also requires individualized consideration of qualified-immunity defenses. Darden v. City of Fort Worth, 880 F.3d 722 (5th Cir. 2018). When immunity is raised, the plaintiff must plead facts showing a violation of a clearly established right, but the complaint need not prove the claim at this stage. See Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc).

### II. The Petition Pleads Specific Facts Concerning Sheldon's Personal Participation

Sheldon's core argument is that the Petition contains only one factual allegation against him: that he terminated Plaintiff. That is incorrect. The Petition expressly alleges that Sheldon acted "in concert with and in conspiracy with the other Defendants." Plaintiff's Original Petition, p. 6, ¶ 5.22. It further alleges that the retaliatory decisions were "directly authorized, directed, ratified, or approved by officials with final policymaking authority." Plaintiff's Original Petition, p. 7, ¶ 5.27.

The Petition also states:

*"Plaintiff was then terminated as Fire Chief, by Jarrett Sheldon, who was acting in concert with and in conspiracy with the other Defendants." Plaintiff's Original Petition, p. 6, ¶ 5.22.*

*"The actions taken against Plaintiff were not isolated acts of lower-level employees but were instead directly authorized, directed, ratified, or approved by officials with final policymaking authority for the City of Brownsville." Plaintiff's Original Petition, p. 7, ¶ 5.27.*

*"Defendants, acting under color of state law, subjected Plaintiff to adverse employment actions, including but not limited to initiating investigations, fabricating allegations of wrongdoing, referring criminal accusations to prosecutors, and ultimately terminating Plaintiff's employment as Fire Chief." Plaintiff's Original Petition, p. 17, ¶ 6.05.*

Those allegations are more than sufficient under Twombly, 550 U.S. 544 and Iqbal, 556 U.S. 662 to put Sheldon on notice of the claims against him and the factual basis for them. The Petition does not rest on labels alone; it pleads a sequence of events, specific participants, and specific acts.

### III. Limitations Does Not Warrant Dismissal on the Face of the Petition

Sheldon argues that all claims are time-barred because the events began in 2019. But limitations is appropriate on a motion to dismiss only if the bar is apparent from the face of the petition. Jones v. Alcoa, Inc., 339 F.3d 359 (5th Cir. 2003).

The Petition alleges a continuing retaliatory course that culminated in the dismissal of the remaining criminal charges in April 2025:

*"The remaining criminal charges for Theft by a Public Servant and Misapplication of Fiduciary Property were eventually dismissed in April 2025 which resulted in the complete and favorable termination of all criminal prosecutions brought against Plaintiff." Plaintiff's Original Petition, p. 5, ¶ 5.18.*

Plaintiff's claims include theories that accrue upon favorable termination. See Heck v. Humphrey, 512 U.S. 477 (1994); Thompson v. Clark, 596 U.S. 36 (2022). The Petition expressly

alleges favorable termination in April 2025, so limitations is not apparent from the pleading itself.

The motion's attempt to use judicial notice of a termination date, civil-service proceedings, and state-court review to extinguish claims at the pleading stage is overreaching. Even if judicial notice is available for the existence of those proceedings, it does not permit the Court to resolve disputed factual inferences against Plaintiff on a motion to dismiss. See Norris v. Hearst Tr., 500 F.3d 454 (5th Cir. 2007); Funk v. Stryker Corp., 631 F.3d 777 (5th Cir. 2011).

### IV. Res Judicata and Collateral Estoppel Are Not Established on This Record

Sheldon contends that prior civil-service and state-court proceedings preclude Plaintiff's claims. The motion does not establish the elements of Texas preclusion law as to the claims and capacities pleaded here.

Texas res judicata requires:

1. a prior final judgment on the merits by a court of competent jurisdiction;

2. identity of parties or those in privity with them; and

3. a second action based on the same claims that were raised or could have been raised in the first action. Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996).

As pleaded, Sheldon is sued individually for damages and officially for prospective relief. Plaintiff's Original Petition, p. 2, ¶ 2.03. The Petition also alleges that Sheldon personally participated in retaliatory acts and termination. Plaintiff's Original Petition, p. 6, ¶ 5.22. Even if the City litigated the termination decision previously, that does not automatically resolve individual-capacity claims for allegedly separate misconduct, including false referrals, fabrication, and concealment of exculpatory information.

The Fifth Circuit's decision in Cox v. Nueces County, Tex., 839 F.3d 418 (5th Cir. 2016). supports preclusion only where the claims arise from the same transaction and could have been raised in the prior state-court review. But the Petition here alleges distinct constitutional torts and personal misconduct by Sheldon beyond the naked fact of termination. At minimum, the motion does not establish preclusion as a matter of law on the face of the Petition.

### V. The Petition States a Plausible First Amendment Retaliation Claim

Sheldon argues that Plaintiff did not plead protected speech because he alleged only a refusal to participate in misconduct. That ignores the Petition's express allegations that Plaintiff engaged in speech and conduct on matters of public concern.

The Petition states:

*"Plaintiff's refusal to engage in corruption and his stance against improper governmental conduct constituted speech and conduct as a citizen and elected official on matters of significant public concern, including governmental corruption, misuse of public office, and abuse of governmental authority." Plaintiff's Original Petition, p. 4, ¶ 5.07.*

*"Plaintiff, while serving as an elected Trustee of the Brownsville Independent School District, spoke and acted as a citizen on matters of public concern, including matters involving governmental corruption, misuse of public office, improper influence over public institutions, and attempts by public officials to use their offices to obtain personal and professional benefits." Plaintiff's Original Petition, p. 16, ¶ 6. 03.*

*"Plaintiff's protected speech and conduct were a substantial or motivating factor in Defendants' decision to terminate his employment and initiate criminal accusations against him." Plaintiff's Original Petition, p. 17, ¶ 6.05.*

The Fifth Circuit's standard for First Amendment retaliation requires protected activity, adverse action, and causation. Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002). Plaintiff has pleaded each element.

Sheldon's argument that a refusal to participate in unlawful conduct cannot be protected activity is too narrow in light of the Petition's broader allegations. Plaintiff alleges both refusal and affirmative speech on corruption and misuse of public office. The Court must accept those allegations as true at this stage.

**VI. The Petition States a Plausible Malicious Prosecution Claim**

Sheldon next argues that malicious-prosecution claims fail because the allegations are vague, probable cause existed, and the claim is barred by qualified immunity. The Petition is more specific than the motion admits.

It alleges that Defendants:

1. "knowingly and intentionally misrepresented facts to the Cameron County District Attorney's Office." Plaintiff's Original Petition, p. 4, ¶ 5.12; p. 6, ¶ 5.20.
2. "knowingly and intentionally failed to disclose critical exculpatory information." Plaintiff's Original Petition, p. 4, ¶ 5.12; p. 6, ¶ 5.20.; and,
3. "knowingly fabricated, manipulated, and misrepresented evidence and withheld material information to create the appearance of criminal wrongdoing where none existed." Plaintiff's Original Petition, p. 4, ¶ 5.12; p. 6, ¶ 5.20.

The Petition also alleges causation and favorable termination:

*"Based upon the misleading and incomplete information provided by City officials, criminal proceedings were initiated against Plaintiff." Plaintiff's Original Petition, p. 5, ¶ 5.14.*

*"Plaintiff was arrested and formally charged with felony offenses." Plaintiff's Original Petition, p. 5, ¶ 5.14.*

*"The criminal proceedings terminated in Plaintiff's favor, including a jury verdict of not guilty in September 2019 and the dismissal of remaining charges on April 2025." Plaintiff's Original Petition, p. 18, ¶ 6.13.*

Under Thompson v. Clark, 596 U.S. 36 (2022), a plaintiff need only show that the prosecution ended without a conviction. Under Manuel v. City of Joliet, 580 U.S. 357 (2017), a

Fourth Amendment claim may arise from wrongful pretrial detention based on legal process. The Petition plausibly pleads that Sheldon helped cause criminal process through false and incomplete referrals.

The motion's reliance on grand-jury indictment and intermediary-causation cases does not defeat the pleading. Plaintiff alleges that Defendants supplied misleading information and withheld exculpatory facts. At this stage, that allegation must be credited. See Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 814 (5th Cir. 2010). But Plaintiff's Petition specifically pleads a continuing pattern of misrepresentation and concealment, not mere "taint" in the abstract.

Defendant's statute of limitations argument fails because Plaintiff's malicious prosecution claim did not accrue until the underlying criminal proceedings terminated in Plaintiff's favor. Under Texas law, malicious prosecution is subject to a one-year limitations period, but the claim does not accrue until favorable termination. Tex. Civ. Prac. & Rem. Code § 16.002(a); Heck v. Humphrey, 512 U.S. 477 (1994); Thompson v. Clark, 596 U.S. 36 (2022). The Petition alleges that Plaintiff's remaining criminal charges were dismissed in April 2025, "which resulted in the complete and favorable termination of all criminal prosecutions brought against Plaintiff." Plaintiff's Original Petition, p. 5, ¶ 5.18; Plaintiff's Original Petition, p. 18, ¶ 6.13. Because Plaintiff filed suit on March 31, 2026, the malicious prosecution claim against Defendants was filed within one year of accrual and is timely.

### VII. The Petition States a Plausible Fabrication-of-Evidence and Due Process Claim

Sheldon argues that the Petition does not state a due-process claim for fabrication of evidence. The Petition expressly alleges that:

*"Defendants knowingly fabricated, manipulated, and misrepresented evidence and withheld material information to create the appearance of criminal wrongdoing where none existed." Plaintiff's Original Petition, p. 6, ¶ 5.20.*

*"Defendants intentionally withheld or concealed material exculpatory information from investigators and prosecutors, including information demonstrating that the practices underlying the allegations against Plaintiff had been authorized and approved by City officials." Plaintiff's Original Petition, p. 19, ¶ 6.17.*

*"The knowing use of fabricated evidence by government officials to initiate and maintain criminal proceedings violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment." Plaintiff's Original Petition, p. 19, ¶ 6.18.*

Those allegations align with clearly recognized due-process principles. See Limone v. Condon, 372 F.3d 39 (1st Cir. 2004); Whitlock v. Brueggemann, 682 F.3d 567 (7th Cir. 2012); and, in the Fifth Circuit, the general recognition that fabrication of evidence violates due process. See Cole v. Carson, 802 F.3d 752 (5th Cir. 2015), vacated on other grounds, 137 S. Ct. 497 (2016), reinstated in relevant part, 935 F.3d 444 (5th Cir. 2019) (en banc). Although the ultimate contours of the claim may be developed later, the Petition plausibly states one now.

### VIII. The Petition States a Plausible Stigma-Plus Due Process Claim

Sheldon argues that reputational harm plus lost future opportunities is not enough. The Petition pleads more than reputation alone.

It alleges:

*"The City publicly associated Plaintiff's termination with allegations of serious felony misconduct, creating a false and stigmatizing impression that Plaintiff had engaged in criminal wrongdoing." Plaintiff's Original Petition, p. 5, ¶ 5.15.*

*"Defendants publicly accused Plaintiff of committing serious felony offenses in connection with his employment and termination." Plaintiff's Original Petition, p. 20, ¶ 6.28.*

*"These accusations were false and stigmatizing and were publicly disseminated in connection with Plaintiff's termination." Plaintiff's Original Petition, p. 20, ¶ 6.29.*

*"Plaintiff was not provided a meaningful opportunity to clear his name before or after these accusations were made." Plaintiff's Original Petition, p. 20, ¶ 6.31.*

Under Blackburn v. City of Marshall, 42 F.3d 925, 935–36 (5th Cir. 1995), stigma-plus requires public stigma plus a deprivation of a protected interest. The Petition pleads both the stigma and the accompanying loss of employment and liberty interests. The motion's reliance on Does 1-7 v. Abbott, 945 F.3d 307 (5th Cir. 2019) and Siegert v. Gilley, 500 U.S. 226 (1991) is misplaced because Plaintiff alleges public stigmatization in connection with termination and denial of a name-clearing opportunity, not reputation alone.

### IX. The Petition States Texas State-Law Claims, and Section 101.106 Does Not Require Dismissal on This Motion

Sheldon argues that the state-law claims fail because of the election-of-remedies provision in Tex. Civ. Prac. & Rem. Code § 101.106(e). That statute may ultimately affect some state tort claims, but dismissal is not warranted on this record as to all pleaded theories, particularly where the Petition alleges intentional and conspiratorial conduct by Sheldon individually.

The Petition alleges:

*"Defendants used legal and administrative processes, including internal disciplinary investigations, audits, and criminal referrals, for purposes other than those for which such processes were intended." Plaintiff's Original Petition, p. 19, ¶ 6.20.*

*"Defendants used these processes not to pursue legitimate governmental objectives but instead to retaliate against Plaintiff, intimidate him, and justify his removal from office."* Plaintiff's Original Petition, p. 19, ¶ 6.21.

*"Defendants Cesar De Leon, Ben Neece, City Administration, the Brownsville Firefighter Association Local 970, and others acting in concert with them, entered into an agreement and understanding to accomplish an unlawful objective."* Plaintiff's Original Petition, p. 20, ¶ 6.23.

*"Specifically, Defendants agreed to remove Plaintiff from his position as Fire Chief and to justify that decision through the creation of false allegations, fabricated evidence, and criminal referrals."* Plaintiff's Original Petition, p. 20, ¶ 6.24.

The Petition thus pleads abuse of process and civil conspiracy with factual specificity. See Agar Corp., Inc. v. Electro Circuits Int'l, LLC, 580 S.W.3d 136 (Tex. 2019); Trevino v. Ortega, 969 S.W.2d 950 (Tex. 1998). To the extent Sheldon contends that section 101.106 mandates dismissal of all state claims, that is not a basis to dismiss at the pleading stage where the claims are pleaded against him individually for his own wrongful acts and where the scope of any statutory election can be litigated more precisely if necessary.

### X. Qualified Immunity Does Not Require Dismissal at the Pleading Stage

Qualified immunity protects officials only when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982). The analysis is individualized. Cass v. City of Abilene, 814 F.3d 721 (5th Cir. 2016). Meadours v. Ermel, 483 F.3d 417 (5th Cir. 2007).

The Petition specifically alleges:

*"The constitutional rights violated by Defendants were clearly established at the time of their conduct."* Plaintiff's Original Petition, p. 8, ¶ 5.33.

> *"No reasonable public official could believe it lawful to fabricate or manipulate evidence, conceal exculpatory information, or initiate criminal proceedings for retaliatory purposes."* Plaintiff's Original Petition, p. 8, ¶ 5.34.

> *"Defendants De Leon and Neece personally participated in, directed, encouraged, or knowingly approved the retaliatory actions and criminal referrals described herein. Their conduct was objectively unreasonable in light of clearly established law, and therefore they are not entitled to qualified immunity."* Plaintiff's Original Petition, p. 8, ¶ 5.35.

To the extent Sheldon argues the rights were not clearly established, Plaintiff submits that the Petition alleges violations of core and long-established constitutional protections: the First Amendment right to be free from retaliation for protected speech, the Fourteenth Amendment right not to be deprived of liberty through fabricated evidence, and the due-process right not to be publicly stigmatized in connection with termination without a meaningful name-clearing opportunity. See Keenan v. Tejeda, 290 F.3d 252 (5th Cir. 2002); Cole v. Carson, 802 F.3d 752 (5th Cir. 2015); Blackburn v. City of Marshall, 42 F.3d 925 (5th Cir. 1995).

At minimum, the motion asks the Court to resolve contested facts and infer lawful motives where Plaintiff has alleged the opposite. That is not appropriate at Rule 12(b)(6).

### XI. Leave to Amend Should Be Granted if the Court Finds Any Deficiency

If the Court concludes any claim is insufficiently pleaded, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice. See Fed. R. Civ. P. 15(a)(2). The Fifth Circuit strongly favors leave to amend unless amendment would be futile or there is undue delay, bad faith, or repeated failure to cure deficiencies. See Foman v. Davis, 371 U.S. 178 (1962); Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002).

### XII. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Jarrett Sheldon's Motion to Dismiss in its entirety. Alternatively, if the Court identifies any pleading deficiency, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

Respectfully submitted,

BARRERA, SANCHEZ & ASSOCIATES, P.C.
10113 N. 10th Street, Suite A
McAllen, Texas 78504
Telephone: (956) 287-7555
Facsimile: (956) 287-7711
Email: marcus@bsmlawyers.com
Email: melissa@bsmlawyers.com

By: /s/ Marcus C. Barrera
    Marcus C. Barrera
    Texas Bar No. 00790271
    ATTORNEYS FOR PLAINTIFF
    CARLOS ALBERTO ELIZONDO

### CERTIFICATE OF SERVICE

I certify that on June _____, 2026, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Court's electronic filing procedures.

*/s/ Marcus C. Barrera*
Marcus C. Barrera