**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CARLOS ALBERTO ELIZONDO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:26-cv-00491 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BROWNSVILLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT BROWNSVILLE FIREFIGHTERS ASSOCIATION LOCAL 970'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Brownsville Firefighters Association Local 970 (hereinafter "Union" or "Local 970"), by and through undersigned counsel, files this reply in support of its pending Motion to Dismiss (Doc. 18).

The arguments advanced by Plaintiff in his Opposition to the Union's Motion to Dismiss (Doc. 22) do little to bring clarity to his ill-pleaded claims. Plaintiff still fails to specifically identify which of the seven claims asserted in the Complaint he seeks to bring against Local 970 and only raises arguments with respect to two of the claims: malicious prosecution pursuant to 42 U.S.C. § 1983 (Count II) and state law civil conspiracy (Count V). *See generally* Doc. 22. Whether Plaintiff intends to assert only these two claims or all seven, however, the Complaint falls fatally short of stating <u>any</u> claims against the Union.

As detailed in Local 970's Motion, the Complaint is an impermissible shotgun pleading, because it fails to attribute particular conduct to specific defendants. *See* Doc. 18 at 3-5; *see also Magee v. BSN Sports, LLC*, Case No. 3:21-cv-01726, 2022 U.S. Dist. LEXIS 153993, at *6 (N.D. Tex. Aug. 8, 2022), *adopted by*, 2022 U.S. Dist. LEXIS 153832 (N.D. Tex. Aug. 26, 2022) (explaining that shotgun pleadings fall short of the federal pleading standard). Nothing in

Plaintiff's Opposition cures this deficiency. While Plaintiff repeatedly insists that the Union, acting alongside the Defendants collectively, "knowingly supplied false and incomplete information, withheld exculpatory facts, and caused criminal proceedings to be initiated and maintained" against him, Doc. 22 at 3, it is still entirely unclear *exactly* what conduct Local 970 is accused of engaging in.

With respect to the civil conspiracy claim in particular, Plaintiff urges that the allegations in the Complaint are sufficient to put the Union on notice "that it is accused of participating in the same retaliatory and prosecution-generating scheme as the City actors," because the Complaint "identif[ies] the alleged unlawful objective, the agreement, and overt acts." Doc. 22 at 3. But this argument misses the mark. Indeed, Plaintiff himself admits that he has simply grouped Local 970 in with the other Defendants without identifying the Union's role in the alleged scheme. This is insufficient to state a claim against the Union. *See Martinez v. City of N. Richland Hills*, 846 F. App'x. 238, 243 (5th Cir. 2021).

Plaintiff's arguments with respect to Count II, the § 1983 malicious prosecution claim, fail for the same reason. Plaintiff insists that this count is plausibly pled because he alleges that Local 970 acted "acted 'in concert' with other Defendants, joined the agreement to remove Plaintiff, and participated in overt acts aimed at justifying his removal through false allegations, fabricated evidence, and criminal referrals." Doc. 22 at 4-5. According to Plaintiff, because the pleadings "describe the object of the conspiracy, identify the participants, and allege overt acts in furtherance of the scheme, the claim is plausibly pleaded." *Id.* at 6. But, again, simply reciting the elements of malicious prosecution without tying the alleged conduct to the Union is insufficient to state a claim against it.

A recent decision from this District is instructive. In *Lewis v. Tauch*, No. 3:25-cv-00201, 2026 U.S. Dist. LEXIS 76225 (S.D. Tex. Mar. 26, 2026), the plaintiff brought claims under the First and Fourteenth Amendments against four Galveston Police Department officers and the City of Galveston. Like the Plaintiff here, the plaintiff in *Lewis* alleged that the defendants, acting as a collective, violated his constitutional rights. *Id.* at *16. The court dismissed the plaintiff's claims, explaining as follows:

> Lewis's First and Fourth Amendment claims both suffer from the same fatal defect: Lewis fails to identify personal involvement by any of the Officers. For example, Lewis alleges that "Defendants detained Plaintiff, placed him in handcuffs, and restricted his freedom of movement." But *Lewis must specify which Defendant detained him, placed him in handcuffs, and restricted his freedom of movement to plausibly state a claim*. He does not do so for any of his claims.
>
> Lewis alleges that "Defendants' decision to detain, handcuff, and restrict Plaintiffs liberty was substantially motivated by Plaintiff's protected speech and the content of that speech." He goes on to allege that "Defendants, ... detained Plaintiff without reasonable suspicion that he had committed, was committing, or was about to commit a criminal offense." Finally, he alleges that "Defendants ... subjected him to an arrest or de facto arrest within the meaning of the Fourth Amendment." *None of these allegations tell me who specifically performed an alleged unlawful action*.
>
> Lewis's non-specific, group-pleading allegations cannot withstand a motion to dismiss.

*Id.* at *16-17 (internal citations omitted) (emphasis added). *See also Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cir. 2023) ("[A] § 1983 plaintiff 'must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

So too here, Plaintiff's Complaint does not specify which of the Defendants engaged in which alleged misconduct. In short, Plaintiff has failed to state a claim against the Union, and the Court must dismiss the Complaint in its entirety.

3

Respectfully submitted,

/s/Matt Bachop
Matt Bachop
Deats Durst & Owen, P.L.L.C.
2901 Bee Caves Rd., Ste. L
Austin, TX 78746
mbachop@ddollaw.com

/s/Mark J. Murphy
Mark J. Murphy (*Admitted Pro Hac Vice*)
Tamara Y. Imam (*Pro Hac Vice Motion to be filed*)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1620 Eye Street, NW, Suite 700
Washington, DC 20006
mmurphy@mooneygreen.com
timam@mooneygreen.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2026, a copy of the foregoing Reply in Support of Motion to Dismiss was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

*/s/ Mark J. Murphy*
Mark J. Murphy
