**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| **Plaintiff,** | § | **Civil No. 1:26-cv-00491** |
| **v.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, et al.** | § | |
| **Defendant.** | § | **JURY DEMANDED** |

**DEFENDANT THE CITY OF BROWNSVILLE'S REPLY IN SUPPORT OF ITS RULE
12(b)(6) MOTION TO DISMISS**

COMES NOW defendant the City of Brownsville ("Defendant" or "City") and submits its

their Reply to *Plaintiff's Response in Opposition to Defendant City of Brownsville's Rule 12(b)(6)*

*Motion to Dismiss* (Doc. 24) and would show as follows:

## I. REPLY

**A.     FACTUAL ALLEGATIONS AND MUNICIPAL LIABILITY.**

Plaintiff's response (Doc. 24) does not change the analysis of his claims against the City.

His pleading does not allege adequate facts to impose *Monell* liability for a federal claim, and he

makes no credible argument that the City's governmental immunity bars his state law claims.

Plaintiff argues that he referenced actions by policymakers, including the two

commissioner defendants, and such is sufficient to state a *Monell* claim for municipal liability.

The City does not restate the applicable municipal liability standards set forth in its Motion to

Dismiss but suffice to say Plaintiff alleges no *facts* to state a plausible municipal liability claim.

Plaintiff's conclusory allegations in paragraphs 5.28-5.30 of his petition state no *facts*.  At most,

those paragraphs consist of conclusory allegations not entitled to the presumption of truth.

Plaintiff does not hide from the fact that he seeks to impose municipal liability based on

alleged actions of two former city commissioners.  As set forth in the City's motion, alleged acts

of less than a majority of the commissioners do not support a *Monell* claim. Rather, the Fifth Circuit requires that a majority of voting members of the commission be motivated by the alleged improper or retaliatory animus. *Griggs v. Chickasaw Cnty.*, 930 F.3d 696, 704 (5th Cir. 2019) ("We agree that Griggs was required to show that a majority of the Board had retaliatory animus.) *See also Atkins v. McGuire*, 2023 WL 4503515, *6 (N.D. Miss. 2023) ("[w]hen the municipality's policymaker is a multimember board, the separate actions of individual members of the Board are not sufficient to bind the Board as an entity.") and *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69-70 (Tex. 2000) (discussing allegations of retaliatory animus by one member of three-person board as insufficient to establish as city actions). *See also DeSoto Wildwood Dev., Inc. v. City of Lewisville*, 184 S.W.3d 814, 826 (Tex. App.—Fort Worth 2006, no pet.) (citing *Corpus Christi v. Bayfront Assocs.,* 814 S.W.2d 98, 105 (Tex. App.—Corpus Christi 1991, writ denied).

Plaintiff's petition does not allege *any* action whatsoever by a majority of the Brownsville City Commission. Plaintiff's petition fails to allege even adequate *conclusory allegations* to support a *Monell* claim, much less sufficient *facts* to support an inference that any alleged unconstitutional policy, practice or custom was promulgated by a City of Brownsville final policymaker with deliberate indifference. The Court should dismiss Plaintiff's federal claims against the City in their entirety for failure to state a claim upon which relief can be granted.

**B.    PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION.**

Plaintiff's response, in cursory fashion, suggests that statutes of limitations do not bar his claims because Plaintiff alleges the termination of *one of his criminal prosecutions* in April 2025. Plaintiff claims that this timing saves his malicious prosecution claim. There are two issues regarding this argument.

First, Plaintiff makes no argument that his claims beyond that of his malicious prosecution claim relating to the charges dismissed in April 2025 survive limitations. None. Which speaks loudly. Plaintiff does not dispute that the factual allegations supporting his various claims, by his own admission, occurred *during his employment with the City*. (Doc. 1-3, ¶¶ 5.04, 5.08-5.11, 5.15, 5.19, 5.22-5.23, 5.26-5.29, 5.37-5.40, 5.53, 5.58, *et al.*) Plaintiff also makes clear that his claims are based on alleged actions by two former City Commissioners *that occurred while they were both in office*. (Doc. 1-3, ¶¶ 5.28, 5.32, 5.65.)

Except for one of his malicious prosecution theories, there is no dispute that *all facts* related to Plaintiff's substantive claims occurred outside of the applicable statutes of limitations based on events established by judicial proceedings and other dates the Court can take judicial notice of. Indeed, it is proper for the Court to consider judicial notice matters for a 12(b)(6) motion. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007). Plaintiff does not dispute *any* of the matters that the Court can take judicial notice of and consider for purposes of the City's Motion to Dismiss. For example, Plaintiff does not suggest that his employment termination occurred on October 17, 2019, approaching seven (7) years ago or that the two City Commissioners have been out of office for well beyond the applicable limitations periods. For the reasons set forth in the City's Motion to Dismiss, limitations precludes Plaintiff's non-malicious prosecution claims as a matter of law.

As to Plaintiff's malicious prosecution claims, those fall into two categories. First, Plaintiff suggests the claims based on the first set of Plaintiff's criminal charges (computer security breach relating to his City employment). For those, the Court can take judicial notice that the charges terminated on September 20, 2019—prior to Plaintiff's 2019 termination and well beyond any limitations period for a malicious prosecution claim. *See The State of Texas vs. Carlos A. Elizondo*, Cause No. 2019-DCR-1547-A, 107th Judicial District, Cameron County, Texas; *see also* Exhibit 7

to Motion to Dismiss. Plaintiff also concedes that fact. (Doc.1-3, ¶ 5.18). Therefore, limitations also precludes Plaintiff's malicious prosecution claim as to the first set of criminal charges relating to computer security breaches.

As for Plaintiff's second set of criminal charges related to his alleged use of Brownsville Firefighters' Association funds, which allegedly terminated in April 2025, as set forth in Defendants' Motion to Dismiss, Plaintiff alleges no facts as to what the City—through its final policymaker, its collective city council, did that supports a municipal liability claim for malicious prosecution. Rather, Plaintiff seeks to hold the City liable for allegations against two former commissioners, which is insufficient under the law.

At best Plaintiff's allegations for municipal liability on his malicious prosecution theory are based on conclusory allegations, not specific facts relating to action by a final policymaker. Therefore, the Court should dismiss Plaintiff's malicious prosecution claims against the City based on his second set of criminal charges as well. *See Armstrong v. Ashley*, 60 F.4th 262, 276-79 (5th Cir. 2023) (finding allegations against city insufficient to support municipal liability for malicious prosecution); *see also Guerra v. Castillo*, 82 F.4th 278, 290-91 (5th Cir. 2023) (same).

**C.     *RES JUDICATA*/COLLATERAL ESTOPPEL.**

Plaintiff's response argues that *res judicata* and collateral estoppel do not apply because the face of the pleadings do not establish those defenses. However, there is no dispute that the Court can take judicial notice of the civil service commission proceeding that adjudicated Plaintiff's termination—*In re Civil Service Appeal of Carlos Elizondo vs. City of Brownsville, Texas* and the district court proceeding that considered Plaintiff's appeal and held against Plaintiff. *See Carlos Elizondo v. City of Brownsville*, Cause No. 2019-DCL-07015-1; 445th Judicial District, Cameron County, Texas.

There is no dispute of a final judgment.  Rather, Plaintiff suggests that he was not required to bring his claims in the prior state proceedings because that only applies "where the claims arise from the same transaction and could have been raised in the prior state-court review."  *See* Response, p. 5.  But there is no dispute that all of Plaintiff's claims arise from the same transaction.

Indeed, Plaintiff had to raise *all claims* in his state court proceeding that arose from Plaintiff's allegations related to his employment and termination, including that the internal audit and criminal charges against him were improperly initiated and prosecuted to support his termination, and any other matters that relate to his employment, the investigations into Plaintiff's conduct, and the criminal proceedings that commenced.  *Cox v. Nueces County, Tex.*, 839 F.3d 418, 421 (5th Cir. 2016) ("Texas precedent makes clear that constitutional claims can and should be brought in state-court reviews of civil service commission findings.")

Plaintiff cannot now, approaching seven years later, seek to relitigate his termination, the alleged reasons for termination to include his allegations that investigations and criminal proceedings were wrongfully initiated to support the termination, and his claimed entitlement to pay and benefits relating to his employment—the relief he seeks here.   The Court should dismiss Plaintiff's claims, as such claims and relief are barred by *res judicata* and collateral estoppel.  *Cox, at* 421*; see also Cooper v. City of Dallas*, 2008 WL 3380554 (N.D. Tex. Aug. 11, 2008) (*res judicata* foreclosed federal claims when employee did not raise all claims related to the transaction in an employment appeal to the Dallas Civil Service Commission).

**D.    PLAINTIFF DOES NOT PLEAD PROTECTED SPEECH FOR A FIRST AMENDMENT CLAIM.**

Plaintiff argues that his First Amendment claims survive because he alleges more than conduct.  He appears to concede that his allegations of opposing improper or illegal conduct do not qualify as First Amendment protected activity.  *See, e.g., Boisseau v. Town of Walls, Miss.,*

138 F. Supp. 3d 792, 802 (N.D. Miss. 2015) (rejecting a plaintiff's act of refusing to "fix" a DUI charge as First Amendment-protected activity.)

Otherwise, Plaintiff alleges no *facts* showing he engaged in protected speech, much less speech that the City's final policymakers were aware of and that the City Commission did anything for which the City of Brownsville could individually be liable. Plaintiff fails to allege protected activity for a violation of the First Amendment, much less *facts* sufficient to support a *Monell* claim against the City of Brownsville.

### E.    PLAINTIFF DOES NOT PLEAD A STIGMA PLUS DUE PROCESS CLAIM.

Plaintiff's response argues that his stigma plus due process claim survives because his claim is not based on reputational harm and lost future opportunities. He appears to concede that such does not support a stigma plus claim. This is because "[n]either harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries." *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019) (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996) (citing *Siegert v. Gilley*, 500 U.S. 226, 233–35 (1991))).

That is exactly what Plaintiff's petition alleges—reputational harm and lost future opportunities. (Doc. 1-3, ¶ 6.30; *see also* ¶ 6.33 ("loss of employment opportunities")). Plaintiff argues that *Does 1-7* does not bar his stigma plus claim because his claim is based on stigmatization connection with his termination, not reputation alone. Plaintiff does not allege how his termination is beyond the reputational component that is insufficient, and he does not allege any other protected interest to support a stigma plus claim. *Adams v. Walker*, No. CV 20-2794, 2025 WL 1370453, at *3 (E.D. La. May 12, 2025) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 935-36 (5th Cir. 1995)).

**F.      PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANTS MUST BE DISMISSED.**

Finally, Plaintiff makes little argument to save his state law claims.  Rather, in response to the City's Motion to Dismiss, he argues that TEX. CIV. PRAC. & REM. CODE § 101.106(e) may apply to state law claims, but does not bar Plaintiff's federal claims.  The City does not seek dismissal of any federal claims based on Section 101.106(e).  But, as Plaintiff appears to concede (at least in his response to the City's Motion to Dismiss), all state law claims against the individual City defendants (Jarrett Sheldon, Cesar de Leon, and The Estate of Ben Neece) should be dismissed.

Moreover, as to the City, Plaintiff makes no argument as to why the City's governmental immunity does not bar all Plaintiff's state law claims.  Indeed, it does.  TEX. CIV. PRAC. & REM. CODE § 101.057(2); *see also Chisolm v. DeSoto Police Department*, 558 Fed. App. 481, 482 (5th Cir. 2014) ("[a]dditionally, because Chisolm's claim of malicious prosecution alleged an intentional tort, the Texas Tort Claims Act did not waive immunity on behalf of the governmental units.")  For the reasons set forth in the City's Motion to Dismiss, the Court should dismiss all state law claims against the three individual defendants *and* the City of Brownsville.

**G.      THE COURT SHOULD REJECT PLAINTIFF'S THROWN IN REQUEST FOR LEAVE TO AMEND IF THE COURT FINDS HIS PLEADING DEFICIENT.**

Plaintiff concludes his response with a generalized request for the Court to, if the Court finds Plaintiff's petition defective, grant Plaintiff leave to amend and inform him of how to replead.  Such is improper and does not entitle Plaintiff to the ability to amend.

Plaintiff does not state what he would include in any amendment or otherwise address the requirements to show entitlement to amend.  *See Rombough v. Bailey*, 733 F. App'x 160, 165 (5th Cir. 2018) (plaintiff "failed to apprise the court of the facts she would plead in her amended complaint; therefore the district court did not err when it denied her motion to amend as futile.");

*Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion in the district court's denial of leave to amend when the plaintiffs, at the end of their response to defendants' motion to dismiss, "almost as an afterthought, ... tacked on a general curative amendment request," and failed to demonstrate how they would replead or cure the pleading defects previously raised by defendants); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (finding no abuse of discretion in the district court's denial of leave to amend when, among other things, plaintiffs failed to alert the court as to the substance of any proposed amendment); *see also Babb v. Dorman,* 33 F.3d 472, 479 (5th Cir. 1994) (finding no abuse of discretion in the district court's denial of leave to amend when a plaintiff declared the sufficiency of his pleadings in response to the defendant's motion to dismiss and did not offer a sufficient amended complaint as part of response); and *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (finding no abuse of discretion in the district court's denial of leave to amend when a plaintiff responded to the defendants' motion to dismiss).

Plaintiff had the opportunity to amend in response to the collective defendants' four motions to dismiss but chose to stand on his pleading. While Plaintiff tosses in a cautionary request for leave to amend if the Court finds his complaint deficient, such fails to meet applicable standards, and the Court should deny Plaintiff's request.

WHEREFORE, PREMISES CONSIDERED, the City of Brownsville prays that the Court dismiss Plaintiff's claims against the City in their entirety and with prejudice, dismiss all state law claims against Jarrett Sheldon, Cesear de Leon, and the Estate of Ben Neece with prejudice, enter judgment that Plaintiff take nothing against the City, assess costs against Plaintiff, and award the City all other relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**
kevin@txmunicipallaw.com
*Attorney-In-Charge*
State Bar No. 24047314
Southern District Admission 3/1/2007
**MESSER FORT, PLLC**
6371 Preston Road, Suite 200
Frisco, TX  75034
972.668.6400 – Telephone
**ATTORNEY FOR DEFENDANT THE CITY OF BROWNSVILLE**

## CERTIFICATE OF SERVICE

A copy of the foregoing was provided to all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF filing on the 6th day of July 2026.

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**