IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS ALBERTO ELIZONDO | § | |
| **Plaintiff,** | § | Civil No. 1:26-cv-00491 |
| v. | § | |
| | § | |
| CITY OF BROWNSVILLE, et al. | § | |
| **Defendant.** | § | JURY DEMANDED |

## DEFENDANT JARRETT SHELDON'S REPLY IN SUPPORT OF HIS RULE 12(b)(6) MOTION TO DISMISS, INCLUDING BASED ON QUALIFIED IMMUNITY

COMES NOW defendant Jarrett Sheldon ("Defendant" or "Chief Sheldon") and submits his Reply to *Plaintiff's Response in Opposition to Defendant Jarrett Sheldon's Rule 12(b)(6) Motion to Dismiss* (Doc. 25) and would show as follows:

## I. REPLY

### A. LACK OF INDIVIDUALIZED FACTUAL ALLEGATIONS AND QUALIFIED IMMUNITY.

Plaintiff's response (Doc. 25) does not change the analysis of his claims against Chief Sheldon. While acknowledging the only direct fact Plaintiff alleges against Chief Sheldon is that Chief Sheldon terminated Plaintiff (more than six years ago), Plaintiff suggests his claims survive because Plaintiff alleges that Chief Sheldon acted "in concert with and in conspiracy with the other Defendants." *See* Response, p. 2.

As set forth in Chief Sheldon's initial motion, Plaintiff's "catch all" allegations against Chief Sheldon are insufficient to state a claim, regardless of the substantive defects to his claims as set forth in Chief Sheldon's Motion to Dismiss. Shotgun style pleadings such as Plaintiff's against collective "defendants" fail to state facts against individual defendants and certainly do not overcome qualified immunity. *Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cir. 2023), *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021), *Darden v. City of Fort Worth*,

880 F.3d 722, 731 (5th Cir. 2018), *Kitchen v. Dallas County*, 759 F.3d 468, 480 (5th Cir. 2014), *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016), *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007), and *Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999) (each requiring consideration of alleged actions of each individual when evaluating qualified immunity).

Indeed, this Court has held that "non-specific, group-pleading allegations cannot withstand a motion to dismiss." *Lewis v. Tauch*, No. 3:25-cv-00201, 2026 WL 926201 (S.D. Tex. 2026) (citing *Armstrong*, 60 F.4th at 274-75). *See also Bivens v. Forrest County*, No. 2:13-CV-8-KS-MTP, 2015 WL 1457529, at *7 (S.D. Miss. Mar. 30, 2015).

Plaintiff fails to allege adequate *facts* to state a viable claim against Chief Sheldon, much less meet Plaintiff's burden to cite controlling authority and negate Chief Sheldon's qualified immunity defense. Plaintiff's response does not change the analysis, and this Court should dismiss Plaintiff's claims against Chief Sheldon for this reason alone.

**B.    PLAINTIFF'S OFFICIAL CAPACITY CLAIMS FAIL.**

Plaintiff does not address his official capacity claims against Chief Sheldon. Not only should the Court consider the lack of response abandonment of those claims, but applicable law also precludes the official capacity claims against Chief Sheldon as duplicative of the claims against the City of Brownsville. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (citing *Flores v. Cameron County, Tex.,* 92 F.3d 258, 261 (5th Cir. 1996)).

**C.    PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION.**

Plaintiff's response, in cursory fashion, suggests that statutes of limitations do not bar his claims because Plaintiff alleges the termination of *one of his criminal prosecutions* in April 2025. Plaintiff claims that this timing saves his malicious prosecution claim. There are two issues regarding this argument.

First, Plaintiff makes no argument that his claims beyond that of his malicious prosecution claim relating to the charges dismissed in April 2025 survive limitations.  None, which speaks loudly.  Plaintiff does not dispute that the factual allegations supporting his various claims, by his own admission, occurred *during his employment with the City*.  (Doc. 1-3, ¶¶ 5.04, 5.08-5.11, 5.15, 5.19, 5.22-5.23, 5.26-5.29, 5.37-5.40, 5.53, 5.58, *et al.*)  Plaintiff also makes clear that his claims are based on alleged actions by two former City Commissioners *that occurred while they were both in office*.  (Doc. 1-3, ¶¶ 5.28, 5.32, 5.65.)

Except for one of his malicious prosecution theories, there is no dispute that all facts related to Plaintiff's substantive claims occurred outside of the applicable statutes of limitations based on events established by judicial proceedings and other dates the Court can take judicial notice of.  Indeed, it is proper for the Court to consider judicial notice matters for a 12(b)(6) motion.  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).  Plaintiff does not dispute *any* of the matters that the Court can take judicial notice of and consider for purposes of Chief Sheldon's Motion to Dismiss.  For example, he does not suggest that his employment termination occurred on October 17, 2019, approaching seven (7) years ago or that the two City Commissioners have been out of office for well beyond the applicable limitations periods.  For the reasons set forth in Chief Sheldon's motion, limitations precludes Plaintiff's non-malicious prosecution claims as a matter of law.

As to Plaintiff's malicious prosecution claims, those fall into two categories.  First, Plaintiff suggests the claims based on the first set of Plaintiff's criminal charges (computer security breach relating to his City employment, the only charges Chief Sheldon was involved in).  For those, the Court can take judicial notice that the charges terminated on September 20, 2019—prior to Plaintiff's 2019 termination and well beyond any limitations period for a malicious prosecution

claim. *See The State of Texas vs. Carlos A. Elizondo*, Cause No. 2019-DCR-1547-A, 107th Judicial District, Cameron County, Texas; *see also* Exhibit 7 to Motion to Dismiss. Plaintiff also concedes that fact. (Doc.1-3, ¶ 5.18). Therefore, limitations also precludes Plaintiff's malicious prosecution claim as to the first set of criminal charges relating to computer security breaches.

As for Plaintiff's second set of criminal charges related to his alleged use of Brownsville Firefighters' Association funds which allegedly terminated in April 2025, as set forth in Chief Sheldon's motion Plaintiff alleges no facts as to what Chief Sheldon did to support that claim. Moreover, Plaintiff's response is silent to the fact that the law for malicious prosecution claims was not clearly established at the times relevant to his malicious prosecution claims. *Espinal v. City of Houston*, 96 F.4th 741, 748–49 (5th Cir. 2024); *see also Green v. Thomas*, 129 F.4th 877, 885-86 (5th Cir. 2025). Therefore, as a matter of law, Chief Sheldon is entitled to qualified immunity as to Plaintiff's malicious prosecution claims, including those based on his second set of criminal charges.

D.    *RES JUDICATA*/COLLATERAL ESTOPPEL.

Plaintiff's response argues that *res judicata* and collateral estoppel do not apply because Plaintiff sues Chief Sheldon individually. That does not complete the analysis. As set forth in Chief Sheldon's motion, the Court can take judicial notice of the civil service commission proceeding that adjudicated Plaintiff's termination—*In re Civil Service Appeal of Carlos Elizondo vs. City of Brownsville, Texas* and the district court proceeding that considered Plaintiff's appeal and held against Plaintiff. *See Carlos Elizondo v. City of Brownsville*, Cause No. 2019-DCL-07015-1; 445th Judicial District, Cameron County, Texas.

While Chief Sheldon was not a named party to the prior state court proceeding, he was the Fire Chief who terminated Plaintiff and therefore should stand in privity with the City of

Brownsville for claims relating to the termination, the factual basis and Plaintiff's arguments as to reasons to support the termination, and other matters asserted in this case. Plaintiff does not suggest why Chief Sheldon did not stand in privity with the City of Brownsville for purposes of *res judicata* and collateral estoppel.

Plaintiff suggests that he was not required to bring his claims in the prior state proceedings because that only applies "where the claims arise from the same transaction and could have been raised in the prior state-court review." *See* Response, p. 5. But there is no dispute that all of Plaintiff's claims arise from the same transaction, and there is no dispute that the Fifth Circuit required Plaintiff to bring his claims in the prior proceeding. *Cox v. Nueces County, Tex*., 839 F.3d 418, 421 (5th Cir. 2016) ("Texas precedent makes clear that constitutional claims can and should be brought in state-court reviews of civil service commission findings.")

The Court should dismiss Plaintiff's claims based on *res judicata* and collateral estoppel. *Cox, at* 421*; see also Cooper v. City of Dallas*, 2008 WL 3380554 (N.D. Tex. Aug. 11, 2008) (res judicata foreclosed federal claims when employee did not raise all claims related to the transaction in an employment appeal to the Dallas Civil Service Commission).

**E.      PLAINTIFF DOES NOT PLEAD PROTECTED SPEECH FOR A FIRST AMENDMENT CLAIM.**

Plaintiff argues that his First Amendment claim survives because he alleged more than conduct. He appears to concede that his allegations of opposing improper or illegal conduct do not qualify as First Amendment protected activity. *See, e.g., Boisseau v. Town of Walls, Miss.,* 138 F. Supp. 3d 792, 802 (N.D. Miss. 2015) (rejecting a plaintiff's act of refusing to "fix" a DUI charge as First Amendment-protected activity.)

Otherwise, Plaintiff alleges no *facts* showing he engaged in protected speech, much less speech that Chief Sheldon was aware of and did anything for which they could individually be liable.

Plaintiff fails to allege protected activity for a violation of the First Amendment and therefore fails to meet his burden to overcome the first prong of Chief Sheldon's qualified immunity defense. Moreover, Plaintiff fails to cite any controlling authority to show that any purported speech was actionable and clearly established as it applies to Chief Sheldon.

**F.      PLAINTIFF DOES NOT PLEAD A STIGMA PLUS DUE PROCESS CLAIM.**

Plaintiff's response argues that his stigma plus due process claim survives because his claim is not based on reputational harm and lost future opportunities. He appears to concede that such does not support a stigma plus claim. This is because "[n]either harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries." *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019) (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996) (citing *Siegert v. Gilley*, 500 U.S. 226, 233–35 (1991))).

That is exactly what Plaintiff's petition alleges—reputational harm and lost future opportunities. (Doc. 1-3, ¶ 6.30; *see also* ¶ 6.33 ("loss of employment opportunities")). Plaintiff argues that *Does 1-7* does not bar his stigma plus claim because his claim is based on stigmatization connection with his termination, not reputation alone. Plaintiff does not allege how the termination is beyond the reputational component that is insufficient, and he does not allege any other protected interest to support a stigma plus claim. *Adams v. Walker*, No. CV 20-2794, 2025 WL 1370453, at *3 (E.D. La. May 12, 2025) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 935-36 (5th Cir. 1995)).

**G.      PLAINTIFF'S STATE LAW CLAIMS AGAINST CHIEF SHELDON MUST BE DISMISSED.**

Finally, Plaintiff claims that Texas' election of remedies statute does not apply because Plaintiff alleges intentional and conspiratorial theories. *See* Response, p. 9-10. As a matter of law, there is no limitation on TEX. CIV. PRAC. & REM. CODE § 101.106(e) for intentional torts. The City of Brownsville moved to dismiss all state law claims against Chief Sheldon based on Section 101.106(e). To avoid duplication, Chief Sheldon incorporates the arguments therein as if set forth in this reply.

There are only two issues for the Court on Plaintiff's state law tort claims against Chief Sheldon: (1) is Chief Sheldon an "employee" under the Texas Tort Claims Act's definition in TEX. CIV. PRAC. & REM. CODE § 101.001(2); and (2) whether Plaintiff's state law claims "could have been brought under this chapter" against the City of Brownsville.   For the reasons set forth in the City of Brownsville's motion, those issues are conclusively determined. Therefore, as a matter of law, the Court should dismiss all state law claims against Chief Sheldon. *See, e.g., Kelley v. Chambers Cnty., Texas*, No. 3:12-CV-00194, 2013 WL 1003455, at \*5 (S.D. Tex. Mar. 13, 2013) and *Chisolm v. DeSoto Police Department*, 558 Fed. Appx. 481, 482 (5th Cir. 2014) (dismissing state law tort claims against employees under 101.106(e) and same claims against City of DeSoto based on governmental immunity).

Finally, Plaintiff suggests he should be able to further litigate before the Court determines if Section 101.106 applies. *See* Response, p. 10. That argument is unpersuasive. Rather, Section 101.106 is triggered *immediately* upon Plaintiff suing both the governmental unit and its employees and is irrevocable. *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 657 (Tex. 2008). "Because the decision regarding whom to sue [under 101.106] has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether

to seek relief from the governmental unit or from the employee individually." *Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex. 2015) (quoting *Garcia*, at 657).

For the reasons set forth in the City of Brownsville's Motion to Dismiss, the Court should dismiss Plaintiff's state claims against Chief Sheldon in their entirety for failure to state a claim upon which relief can be granted.

**H.    THE COURT SHOULD REJECT PLAINTIFF'S THROWN IN REQUEST FOR LEAVE TO AMEND IF THE COURT FINDS HIS PLEADING DEFICIENT.**

Plaintiff concludes his response with a generalized request for the Court to, if the Court finds Plaintiff's petition defective, grant Plaintiff leave to amend and inform him of how to replead. Such is improper and does not entitle Plaintiff to the ability to amend.

Plaintiff does not state what he would include in any amendment or otherwise address the requirements to show entitlement to amend. *See Rombough v. Bailey*, 733 F. App'x 160, 165 (5th Cir. 2018) (plaintiff "failed to apprise the court of the facts she would plead in her amended complaint; therefore the district court did not err when it denied her motion to amend as futile."); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion in the district court's denial of leave to amend when the plaintiffs, at the end of their response to defendants' motion to dismiss, "almost as an afterthought, ... tacked on a general curative amendment request," and failed to demonstrate how they would replead or cure the pleading defects previously raised by defendants); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (finding no abuse of discretion in the district court's denial of leave to amend when, among other things, plaintiffs failed to alert the court as to the substance of any proposed amendment); *see also Babb v. Dorman,* 33 F.3d 472, 479 (5th Cir. 1994) (finding no abuse of discretion in the district court's denial of leave to amend when a plaintiff declared the sufficiency of his pleadings in response to the defendant's motion to dismiss and did not offer a sufficient

amended complaint as part of response); and *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (finding no abuse of discretion in the district court's denial of leave to amend when a plaintiff responded to the defendants' motion to dismiss).

Plaintiff had the opportunity to amend in response to the collective defendants' four motions to dismiss but chose to stand on his pleading. While Plaintiff tosses in a cautionary request for leave to amend if the Court finds his complaint deficient, such fails to meet applicable standards, and the Court should deny Plaintiff's request.

WHEREFORE, PREMISES CONSIDERED, Jarrett Sheldon prays that the Court dismiss Plaintiff's claims against him in their entirety and with prejudice, enter judgment that Plaintiff take nothing against Jarrett Sheldon, assess costs against Plaintiff, and award Jarrett Sheldon all other relief to which he may show himself entitled.

Respectfully submitted,

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**
kevin@txmunicipallaw.com
*Attorney-In-Charge*
State Bar No. 24047314
Southern District Admission 3/1/2007
**MESSER FORT, PLLC**
6371 Preston Road, Suite 200
Frisco, TX  75034
972.668.6400 – Telephone
**ATTORNEY FOR DEFENDANT
JARRETT SHELDON**

## CERTIFICATE OF SERVICE

A copy of the foregoing was provided to all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF filing on the 6th day of July 2026.

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**