**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, JARRETT** | § | |
| **SHELDON, INDIVIDUALLY AND AS** | § | |
| **FIRE CHIEF FOR THE CITY OF** | § | |
| **BROWNSVILLE, CESAR DE LEON,** | § | **CIVIL ACTION NO. 1:26-CV-00491** |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **THE ESTATE OF BEN NEECE,** | § | |
| **INDIVIDUALLY AND AS A** | § | |
| **BROWNSVILLE CITY COMMISSIONER,** | § | |
| **AND THE BROWNSVILLE** | § | |
| **FIREFIGHTERS ASSOCIATION** | § | |
| **LOCAL 970** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE**
**26(f)**

1. State where and when the conference of the parties required by Federal Rule of Civil Procedure 26(f) was held and identify the counsel who participated for each party.

   **A Conference by the Attorneys for the Parties was held on August 25, 2026. Marcus Barrera appeared for Plaintiff. Kevin Curley appeared for City of Brownsville, Jarrett Sheldon, Cesar De Leon and The Estate of Ben Neece. Mark Murphy and Tamara Imam appeared for Brownsville Firefighters Association Local 970.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **Removed Case: Cause No. 2026-DCL-01820; Carlos Alberto Elizondo vs. City of Brownsville, Jarrett Sheldon, Individually and as Fire Chief for the City of Brownsville, Cesar de Leon, Individually and as a Brownsville City Commissioner, The Estate of Ben Neece, Individually and as a Brownsville City Commissioner, and the Brownsville Firefighters Association Local 970; In the 138th Judicial District Court of Cameron County, Texas.**

3. Specify the allegation of federal jurisdiction.

**Defendants claim that removal is proper because Plaintiff's suit involves at least one claim raising a federal question. 28 U.S.C. §§1331, 1441.**

4. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None.**

5. List anticipated interventions, if any.

**None.**

6. Describe class-action issues, if any.

**None.**

7. State whether each party represents that it has made the initial disclosures required by Federal Rule of Civil Procedure 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Discovery in this case was abated by Agreement of all Parties subject to the Court ruling on Defendants' pending 12(b)6 Motions, which includes issues of qualified immunity. An unopposed Motion to this effect is pending with the Court.**

8. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Federal Rule of Civil Procedure 26(f).
B. When and to whom the plaintiff anticipates it may send interrogatories.
C. When and to whom the defendant anticipates it may send interrogatories.
D. Of whom and by when the plaintiff anticipates taking oral depositions.
E. Of whom and by when the defendant anticipates taking oral depositions.
F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.
G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Federal Rule of Civil Procedure 26(a)(2)(B).
H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Federal Rule of Civil Procedure 26(a)(2)(B).

**Discovery in this case was abated by Agreement of all Parties subject to the Court ruling on Defendants' pending 12(b)6 Motions, which includes issues of qualified immunity. An unopposed Motion to this effect is pending with the Court.**

9. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**At this time, the parties appear in agreement on discovery. Discovery in this case was abated by Agreement of all Parties subject to the Court ruling on Defendants' pending 12(b)6 Motions, which includes issues of qualified immunity. An unopposed Motion to this effect is pending with the Court.**

10. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None. Discovery in this case was abated by Agreement of all Parties subject to the Court ruling on Defendants' pending 12(b)6 Motions, which includes issues of qualified immunity. An unopposed Motion to this effect is pending with the Court.**

11. State the date the planned discovery can reasonably be completed.

**Discovery in this case was abated by Agreement of all Parties subject to the Court ruling on Defendants' pending 12(b)6 Motions, which includes issues of qualified immunity. An unopposed Motion to this effect is pending with the Court.**

12. Describe what each party has done or agreed to do to bring about a prompt resolution, as well as the possibilities for a prompt settlement or resolution of the case that were discussed in your Federal Rule of Civil Procedure 26(f) conference.

**The Parties have discussed the possibility of a prompt resolution, however, they are waiting for the Court's rulings on Defendants' 12(b)6 Motions before moving forward. The parties believe that mediation would be the most appropriate form of ADR. Defendants believe that such should occur after dispositive motions, including summary judgment motions, are completed and ruled on before being required to attend mediation.**

13. From the attorneys' discussion with the client, state the Alternative Dispute Resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**Mediation is acceptable to all Parties. However, Defendants believe that mediation would be the most appropriate form of ADR, but believe that such**

**should occur after dispositive motions, including summary judgment motions, are completed and ruled on before being required to attend mediation.**

14. Magistrate judges may now hear jury and non-jury trials. Indicate each party's respective position on a trial before a magistrate judge.

**The Parties would prefer not to go to trial before a magistrate judge.**

15. State whether a jury demand has been made and if it was made on time.

**A jury demand has been made and on time.**

16. Specify the number of hours it will take to present the evidence in this case.

**The Parties believe that this case would take 40 to 60 hours to complete depending on the Court's ruling on dispositive and other motions.**

17. List pending motions that could be ruled on at the Initial Pretrial Conference.

- **There are several 12(b)6 Motions pending before the Court.**
- **There is an unopposed Motion to Stay Discovery Pending Determination of Qualified Immunity**

18. List other motions pending.

**None at this time.**

19. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.

**Plaintiff States: None.**

**Defendants State: In addition to the discovery motion pending and the parties' agreement on same, should any claims survive the FRCP 12(b)(6) motions, such may require the Court to provide guidance on the scope of limited discovery to address qualified immunity on remaining claims. Moreover, if discovery proceeds, discovery may require that a Protective Order be signed by the Parties when exchanging discovery from personnel files.**

20. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Marcus C. Barrera**
**State Bar No. 00790271**
**Barrera, Sanchez & Associates, P.C.**
**10113 N. 10th St., Suite A**
**McAllen, Texas 78504**
**956-287-7555**
**marcus@bsmlawyers.com and melissa@bsmlawyers.com**
**Counsel for Plaintiff**

**Matt Bachop**
**State Bar No. 24055127**
**Deats Durst & Owen, PLLC**
**2901 Bee Caves Rd., Suite L**
**Austin, Texas 78746**
**Phone: 737-205-1026**
**mbachop@ddolaw.com**
**Counsel for Brownsville Firefighters Association Local 970**

**Mark J. Murphy**
**Admitted Pro Hac Vice**
**mmurphy@mooneygreen.com**
**Tamara Y. Imam**
**Admitted Pro Hac Vice timam@mooneygreen.com**
**Mooney, Green, Saindon, Murphy & Welch, P.C.**
**1620 Eye Street, NW, Suite 700**
**Washington, DC 20006**
**Phone:202-783-0010**
**Counsel for Brownsville Firefighters Association Local 970**

**Kevin M. Curley**
**State Bar No. 24047314**
**Messer Fort, PLLC**
**6371 Preston Road, Suite 200**
**Frisco, Texas 75034**
**972-668-6400**
**kevin@txmunicipallaw.com**
**Counsel for all Defendants other than Brownsville Firefighters Association Local 970**

/s/ Marcus C. Barrera Date: August 26, 2026
Marcus C. Barrera
Counsel for Plaintiff

/s/ Kevin M. Curley (*w/permission)* Date: August 26, 2026
Kevin M. Curley
Counsel for City Defendants

/s/ Mark Murphy (*w/permission)* Date: August 26, 2026
Mark Murphy
Counsel for Defendant, The Brownsville Firefighters Association Local 970, and On behalf of Co-Counsel, Matt Bachop And Tamara Y. Imam