**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| **Plaintiff,** | § | **Civil No. 1:26-cv-00491** |
| **v.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, et al.** | § | |
| **Defendant.** | § | **JURY DEMANDED** |

**DEFENDANT THE CITY OF BROWNSVILLE'S SECOND RULE 12(b)(6) MOTION TO DISMISS**

COMES NOW defendant the City of Brownsville ("Defendant" or "City") and files its *Second Motion to Dismiss* pursuant to FED. R. CIV. P. 12, asking that the Court dismiss, with prejudice, all Plaintiff's claims against the City. In support of same, the City shows as follows:

## I. SUMMARY

Plaintiff filed suit in state court asserting federal and state claims against the City, two former City Commissioners (Cesar de Leon and The Estate of Ben Neece), current Brownsville Fire Chief Jarrett Sheldon, and the local firefighter's association. (Doc. 1-3). After removal, all defendants filed motions to dismiss. After the parties briefed those motions, the Court held a hearing on September 1, 2026 wherein the Court addressed various issues relating to the motions. Following that conference, the Court allowed Plaintiff to file an amended complaint and set deadlines for the defendants to file responsive pleadings.

Plaintiff filed his First Amended Complaint (Doc. 37), his live pleading. The amended complaint dropped all state law and official capacity claims against the City, Cesar De Leon, The Estate of Neece, and Chief Sheldon ("City Defendants"), but seeks to add a federal conspiracy theory. As to the City, Plaintiff asserts: (a) First Amendment retaliation under 42 U.S.C. §1983 (Count I); (b) malicious prosecution under Section 1983 (Count II); (c) fabrication or

misrepresentation of evidence under Section 1983 (Count III); and (d) deprivation of liberty as a "stigma plus" claim under Section 1983 (Count IV); and (e) conspiracy under Section 1983 (Count V). While Plaintiff adds a few more facts, the First Amended Complaint does not correct the deficiencies, and Plaintiff still fails to state a claim against the City upon which relief can be granted.

As discussed below, the applicable statutes of limitations bar Plaintiff's claims, which are based on events that occurred in 2019 or before, and otherwise outside of the limitations period. As Plaintiff conceded at the hearing, and his complaint provides, his claims are primarily based on events that occurred in 2019 or before. The only claim Plaintiff could even arguably have filed within limitations is a malicious prosecution claim relating to the second set of charges dismissed in April 2025 and, as discussed below, that theory fails as to the City. Malicious prosecution is its own independent cause of action, and even if it were timely asserted, it would not save Plaintiff's other claims. Plaintiff rightly conceded at the hearing he is unaware of any authority to suggest a malicious prosecution claim can be used to relate back and save other allegedly related civil rights claims—all of which accrued in 2019 or before. *See, e.g., Davis v. Warren*, 173 F.4th 566, 572 (5th Cir. 2026) (underlying civil rights claims such as unlawful arrest accrue and are held to ordinary limitations periods, notwithstanding a malicious prosecution claim that may not accrue until later—only the malicious prosecution claim would survive limitations).

*Res judicata* and collateral estoppel from a state district court proceeding also preclude Plaintiff's claims. Moreover, even if those defenses were not applicable, Plaintiff fails to state a plausible *Monell* claim to impose federal municipal liability on the City. For all these reasons, discussed in greater detail below and addressed at the hearing before the Court, the Court should dismiss all claims against the City with prejudice.

## II. STANDARD OF REVIEW

FED. R. CIV. P. 12(b)(6) requires the Court to dismiss a complaint when the plaintiff fails "to state a claim upon which relief may be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007), the Court confirmed that FRCP 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief…." "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, at 555. To survive a Rule 12(b)(6) motion under *Twombly*, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see* also *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("*Twombly* expounded the pleading standard for all civil actions...").

The plausibility standard is not akin to a "probability requirement," but it asks for more than a possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, at 678. Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371-72 (5th Cir. 2008). As the Supreme Court has stated:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement. ... Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the

> doors of discovery for a plaintiff armed with nothing more than conclusions."

*Iqbal*, at 678-79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, at 678. As set forth below, Plaintiff fails to meet the standard established in *Twombly*, *Iqbal*, or their progeny as to the claims and theories advanced against the City.

## III. ARGUMENTS & AUTHORITIES

### A. PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATION.

Limitations bars Plaintiff's claims. A defendant can raise limitations in a 12(b)(6) motion. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 365-66 (5th Cir. 2003). The statute of limitations for federal claims brought under Section 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). The City contends that a one-year limitations period applies to Plaintiff's malicious prosecution claims, as Texas law specifically provides for a one-year malicious prosecution limitations period in TEX. CIV. PRAC. & REM. CODE § 16.002. Otherwise, Texas' two-year statute of limitations applies to Plaintiff's federal theories. *See Piotrowski*, at 576 (citing *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989)).

Plaintiff admits that his claims against the City are based on alleged actions *during his employment with the City*. (Doc. 37, generally). Plaintiff also makes clear that his claims are even narrower as they are based on alleged actions by former Commissioners Cesar de Leon and Ben Neece *that occurred while they were both in office*. (Doc. 37, ¶¶ 31, 36-66, 71-73, 91, 99, 106-107, 110, 114-117, 120).

Plaintiff admits that the City terminated him on October 17, 2019, approaching seven (7) years prior to Plaintiff filing suit. (Doc. 37, ¶ 63 and Exhibit A thereto). Plaintiff appealed the

termination to the City's Civil Service Commission, which held a two-day hearing on November 21-22, 2019, and upheld Plaintiff's termination. (Doc. 9-2 (Exhibit 1).[1] Plaintiff appealed that decision to state district court. *See Carlos Elizondo v. City of Brownsville*, Cause No. 2019-DCL-07015-1; 445th Judicial District, Cameron County, Texas. The district court granted the City's summary judgment on February 9, 2022, disposing of Plaintiff's claims. (Doc. 9-3 (Exhibit 2).

The Court may consider the foregoing proceedings and exhibits for purposes of this motion as the Court can take judicial notice of Plaintiff's appeal and the public records filed therein. Defendants ask that the Court judicial notice of those proceedings and the public records submitted therein. "[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *see also Funk v. Stryker Corp.*, 631 F. 3d 777, 783 (5th Cir. 2011). A court may "take judicial notice of the public records in ... prior state court proceedings." *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. Appx. 888, 892 (5th Cir. 2020) (citation omitted). The Court may also properly take judicial notice of "the fact that a judicial action was taken[.]" *Gray v. Beverly Enters.-Mississippi, Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)).

Cesar de Leon served as a City Commissioner from 2017 until July 2, 2019, which is established by Brownsville Resolution No. 2019-061 and Commission Minutes from July 2, 2019, when John Cowen, Jr. was sworn into the At-Large "A" position Cesar de Leon previously held. (Doc. 9-4 (Exhibit 3) and 9-5 (Exhibits 4)).[2]

---

[1] At the September 1, 2026 hearing, the Court advised defendants that they could rely on or refer to their prior motions to dismiss. Consistent with the Court's invitation, while significant portions of the briefing remain herein, to avoid duplicate submission of exhibits and other materials, the City incorporates the briefing in the City Defendants' prior Motions to Dismiss and the exhibits submitted with same herein by reference.

[2] For purposes of Rule 12, a court may consider "matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019); *Reynolds*

Ben Neece, who served as the City's municipal judge for 32 years, served as a Commissioner from 2017 until June 29, 2021, which is established by Brownsville Resolution No. 2021-042 and Commission Minutes from June 21, 2021, when Pedro Cardenas was sworn into the District 4 position Ben Neece previously held. (Doc. 9-6 (Exhibit 5) and 9-7 (Exhibit 6)).[3]

Most of Plaintiff's factual allegations relate to his October 17, 2019 termination and limitations precludes all claims relating to the termination. Moreover, Plaintiff's improper generalized allegations confirm that his claims are based on facts that occurred when *both of the Commissioner defendants* were in office—meaning the events Plaintiff relies on occurred on or before July 2, 2019, when Commissioner de Leon ended his service as a commissioner. And under no circumstance could Plaintiff's allegations have occurred after June 29, 2021, when Commissioner Neece ended his term. Plaintiff filed suit on March 31, 2026, well beyond the longest two-year limitations period for any of his claims.

While Texas law may set limitations, federal law determines when a cause of action under § 1983 accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)). And "under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) (citation modified) (quoting

---

*v. City of Commerce, Tex.*, No. 3:19-CV-01577-E, 2021 WL 268819, at *2 (N.D. Tex. Jan. 27, 2021), *aff'd*, 853 Fed. Appx. 978 (5th Cir. 2021). This includes that courts can take judicial notice of city ordinances and resolutions. *H. B. Zachry Co. v. Waller Creek, Ltd.* (*In re Waller Creek, Ltd.*), 867 F.2d 228, 238 n.14 (5th Cir. 1989) (taking judicial notice of city ordinance as a legislative fact). The City of Brownsville Code of Ordinances, including its municipal charter, is available on the City's website (www.brownsvilletx.gov) and on Municode Codification at: https://library.municode.com/tx/brownsville/codes/code_of_ordinances/392422?nodeId=PTICH_ARTVADPR_S13CO

[3] The City asks that the Court take judicial notice of the resolutions and ordinances relating to the ending of Commissioners Cesar de Leon's and Ben Neece's terms in office. Copies were previously submitted produced for the Court's convenience.

*Gartrell*, 981 F.2d at 257). The claim thus accrues "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" *Id.*

For Plaintiff's First Amendment retaliation claim (Count 1), he alleges retaliatory actions that occurred when *both* De Leon and Neece were in office—therefore July 2, 2019 at the latest. Any other allegations Plaintiff makes as to retaliation occurred in 2019 or prior. Therefore, limitations bar Plaintiff's First Amendment claims, which accrued in 2019 or before.

Regarding Plaintiff's fabrication and misrepresentation of evidence (Count 3), any such accrual also occurred in 2019 or before, as Plaintiff acknowledges that he was arrested, charged, and criminal proceedings commenced in 2019. Therefore, limitations bars Plaintiff's Count 3.

Regarding Plaintiff's stigma plus claim (Count 4), Plaintiff judicially admits that "[t]he accusations were made in connection with Plaintiff's employment discipline and termination" and that in response he "suffered a tangible alteration of legal status through demotion, suspension, termination, arrest, and loss of employment benefits." (Doc. 37, ¶¶ 115-116). As such, Plaintiff's stigma plus claims would have accrued, if at all, at the time of his 2019 termination and are barred by limitations.

Plaintiff may argue that limitations for his malicious prosecution claims (Count 2) [4] did not accrue until the criminal charges resulted in his favor. As discussed, Plaintiff is not saved by the delayed limitations period on his malicious prosecution claims. At the hearing in this case, Plaintiff suggested that all his theories should be saved by the malicious prosecution limitations for his second set of criminal charges—essentially that he can now litigate more than seven (7) years back because of one set of criminal charges being dismissed in 2025. When asked for any

[4] Plaintiff also titles his "Count 2" malicious prosecution claim to include unlawful arrest. Any arrest theory asserted outside of malicious prosecution would have accrued when he was arrested—which Plaintiff admits occurred in 2019.

authority to support such argument, Plaintiff's counsel could identify none. And none exists. Malicious prosecution, a claim that did not exist in this Circuit until 2022, is its own independent cause of action, with its own limitations period. A malicious prosecution claim timely asserted does not allow a Plaintiff to piggyback other claims that would have been barred, as a matter of law. *See, e.g., Davis v. Warren*, 173 F.4th 566, 572 (5th Cir. 2026) (noting underlying civil rights claims such as unlawful arrest accrue and are held to ordinary limitations periods, notwithstanding a malicious prosecution claim that may not accrue until later—only the malicious prosecution claim would survive limitations). In *Harris v. Rivera*, No. 3:11-CV-3013-D, 2013 WL 246709, at *6 (N.D. Tex. Jan. 23, 2013) the district court also discussed this issue, noting that in *Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007);

> The Court declined to hold that, in circumstances where a § 1983 claim accrues *before* a criminal conviction is set aside (at which point the plaintiff would be able to file a malicious prosecution claim), the statute of limitations on the already-accrued § 1983 claim is tolled until the criminal conviction is set aside. *Id.* at 394–95. Instead, it held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* at 397.

*Harris*, at *6. At best, Plaintiff can argue his second set of charges—the use of Association funds brought by the Association—could survive limitations only on a singular malicious prosecution claim. All his other claims fail.

The City asks the Court to take judicial notice that the first set of Plaintiff's criminal charges (computer security breach relating to his City employment) terminated on September 20, 2019—before Plaintiff's termination and well beyond any limitations period. *See The State of Texas vs. Carlos A. Elizondo*, Cause No. 2019-DCR-1547-A, 107th Judicial District, Cameron County, Texas; and (Doc. 9-8 (Exhibit 7). Plaintiff also concedes that the criminal charges the

City Defendants were involved in were dismissed in September 2019. (Doc. 37, ¶ 101). Therefore, Plaintiff cannot assert a malicious prosecution claim as to the first set of criminal charges relating to computer security breaches, as limitations ran on any such claims in 2021. Not only is this beyond limitations, but the cause of action did not exist at that time, providing another reason Plaintiff fails to state a claim on this theory.

Plaintiff's second set of criminal charges related to his alleged use of Brownsville Firefighters' Association funds and included theft by a public servant and misappropriation of fiduciary property charges. Those charges existed as of 2019, when the Thirteenth Court of Appeals considered appellate issues related to same. *Elizondo v. State*, No. 13-18-00309-CR, 2019 WL 3820413, at *1 (Tex. App.—Corpus Christi-Edinburg, Aug. 15, 2019). In fact, Plaintiff concedes those charges commenced in 2017. (Doc. 37, ¶¶ 48-49).

Therefore, the allegations of retaliation, withholding of evidence, and related allegations occurred outside of the limitations period for even the second set of charges. Plaintiff judicially admits that those charges were advanced by the Association (Local 970) (Doc. 37, ¶¶ 48-50). Plaintiff does not allege any basis that clearly established law would have required the City to involve itself in a process in which a District Attorney advanced charges and a grand jury indicted. Plaintiff's malicious prosecution claim relating to the second set of charges also fails for the other reasons stated herein.

Finally, the limitations for a federal Section 1983 conspiracy claim (Count 5), which Plaintiff adds in his First Amended Complaint, is also governed by a two-year limitations period, that accrues based on the alleged overt acts of the defendants. *Harris*, 2013 WL 246709, at *8 (citing *Piotrowski*, 237 F.3d at 576 and *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)). As noted above, to the extent the Court concludes that Plaintiff alleges any overt acts by the City—

based on the law discussed below as to when a municipality acts—regarding a conspiracy, those occurred in 2019 or before. Therefore, Plaintiff's newly added Section 1983 conspiracy claim also fails based on limitations, as do all other claims. The Court should dismiss all City Defendants based on limitations.

**B. *RES JUDICATA*/COLLATERAL ESTOPPEL.**

If any of Plaintiff's claims survive limitations, *res judicata* and collateral estoppel should then bar Plaintiff's claims. *Res judicata* and collateral estoppel are defenses that can be resolved through a Rule 12(b)(6) motion. *Smith v. Waste Mgmt., Inc.,* 407 F.3d 381, 386–87 (5th Cir.2005). The preclusive effect of a prior judgment is determined by the law of the state that issued the decision. *Cox v. Nueces Cnty., Tex.*, 839 F.3d 418, 420–21 (5th Cir. 2016) ("Because the claimed preclusive effect arises from a state-court judgment, we apply Texas law to determine whether *res judicata* is applicable."). In Texas, a party seeking to invoke *res judicata* must prove the following three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); *see also Merrill v. McKinney ISD*, No. 4:24-CV-442, 2025 WL 1688327, at *4 (E.D. Tex. June 16, 2025).

The City asks the Court to take judicial notice of the civil service commission proceeding that adjudicated Plaintiff's termination—*In re Civil Service Appeal of Carlos Elizondo vs. City of Brownsville, Texas*. This proceeding included a two-day evidentiary hearing that included testimony and exhibits and resulted in a finding that "the factual allegations contained in the Notice and Order of Indefinite suspension are true and that these facts constitute violations of the rules, regulations, and policies as specified in the Notice and Order of Indefinite Suspension dated

October 17, 2019." (Doc. 9-2 (Exhibit 1)). To answer the Court's inquiry at the hearing, yes, the parties introduced exhibits at that proceeding—the City 48 exhibits and Plaintiff, by and through his counsel, 4 exhibits.

The City also asks the Court to take judicial notice of the district court proceeding that considered Plaintiff's appeal and held against Plaintiff. *See Carlos Elizondo v. City of Brownsville*, Cause No. 2019-DCL-07015-1; 445th Judicial District, Cameron County, Texas. Plaintiff did not appeal the final judgment entered in that case. (Doc. 9-3 (Exhibit 2)).

Plaintiff not only could have but was required to bring **all** claims he asserts here in the prior state court proceeding, which commenced as his appeal of the civil service commission decision to uphold the termination. A state court decision reviewing an administrative proceeding can serve as *res judicata* for federal claims. *See, e.g., Hughes v. Arveson*, 924 F. Supp. 735 (M.D. La. 1996) (federal claims arose out of the same transaction as those litigated on the state level).

In *Cox*, cited *supra*, the Fifth Circuit affirmed a district court's dismissal, on *res judicata* grounds, of First Amendment retaliation claims that arose out of two civil service employees' county employment. As the Fifth Circuit noted, "[i]t has been well established for more than twenty years that plaintiffs in Texas are required to bring, in the initial suit, *all possible claims arising out of the same 'transaction.'*" *Cox*, 839 F.3d at 421 (citing *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 630–31 (Tex. 1992)) (emphasis added). "A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence[] could have been raised in a prior suit." *Id.*

Relevant to this case, *Cox* expressly rejected an argument that *res judicata* does not apply to substantive claims when the state court proceeding is a substantial evidence review of a civil service commission's decision—the exact situation before this Court. *Cox*, at 421. Plaintiff's

Cameron County district court matter, which he initiated, included a substantial evidence review appeal, but that did not preclude Plaintiff asserting his other claims. Rather, Plaintiff was required to do so. As the Fifth Circuit confirms "*Texas precedent makes clear that constitutional claims can and should be brought in state-court reviews of civil service commission findings*." *Cox, at* 421 (emphasis added).

There is no dispute that Plaintiff and the City were parties to the underlying state court action. Thus, Plaintiff had to raise *all claims* in his state court proceeding that arose from Plaintiff's allegations related to his employment and termination, including that the internal audit and criminal charges against him were improperly initiated and prosecuted to support his termination, and any other matters that relate to his employment, the investigations into Plaintiff's conduct, and the criminal proceedings that commenced. *Id.* Plaintiff cannot now, approaching seven years later, seek to relitigate his termination, the alleged reasons for termination to include his allegations that investigations and criminal proceedings were wrongfully initiated to support the termination, and his claimed entitlement to pay and benefits relating to his employment—the relief he seeks here.

All Plaintiff's claims arise from the same subject matter relating to Plaintiff's termination, the alleged initiation of and participation in the criminal charges to allegedly support the termination, the alleged due process entitlements relating to his termination and criminal proceedings, and all other facts that support Plaintiff's claims before the Court. The Court should dismiss Plaintiff's claims, as such claims and relief are barred by *res judicata* and collateral estoppel. *Cox, at* 421*; see also Cooper v. City of Dallas*, 2008 WL 3380554 (N.D. Tex. Aug. 11, 2008) (*res judicata* foreclosed federal claims when employee did not raise all claims related to the transaction in an employment appeal to the Dallas Civil Service Commission).

### C. PLAINTIFF DOES NOT PLEAD A PLAUSIBLE *MONELL* CLAIM AGAINST THE CITY.

In addition to being barred by limitations, *res judicata*, and collateral estoppel, Plaintiff fails to state any municipal liability claim against the City under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). A municipality may be subject to liability pursuant to § 1983 when the municipality maintains an unconstitutional policy or custom. *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (citing *Monell,* at 691). However, a municipality cannot be liable on a § 1983 claim simply because an employee or official allegedly committed a constitutional violation. *Monell*, at 692. Indeed, "[m]unicipalities are not liable 'on the theory of respondeat superior' and are 'almost never liable for an isolated unconstitutional act on the part of an employee [or official].'" *Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)); *see also Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019). Liability against a municipality may occur "only when it can be fairly said that the *city itself* is the wrongdoer." *Gonzalez v. Ysleta ISD*, 996 F.2d 745, 755 (5th Cir. 1993) (emphasis added).

"[I]t is far more difficult for [a] plaintiff to establish municipal liability...than to establish individual liability." *Ayers v. City of Holly Springs*, 2006 WL 2943295, at *4 (N.D. Miss. Oct. 13, 2006); *see also Jackson ex rel. Martin v. Town of Tutwiler*, 2018 WL 6033596, at *3 (N.D. Miss. Nov. 16, 2018) ("[T]his court acknowledges that federal law does, in fact, make it quite difficult for plaintiffs to recover against municipalities in § 1983 cases.").

To establish municipal liability under § 1983, "a plaintiff must show the deprivation of a federally protected right caused by action taken pursuant to an official municipal policy." *Hutcheson*, 994 F.3d at 482 (internal quotation marks omitted) (quoting *Valle*, 613 F.3d at 541). To do so, "[a] plaintiff must identify '(1) an official policy (or custom), of which (2) a policy maker

can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom).'" *Hutcheson*, 994 F.3d at 482 (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002)).

With respect to the first element, a plaintiff sufficiently alleges an official policy by pleading *facts* that demonstrate:

> (1) a policy statement, ordinance, regulation, or decision . . . [was] officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents a municipal policy.

*Burge v. Saint Tammany Par.*, 336 F.3d 363, 369 (5th Cir. 2003). Plaintiff does not adequately allege facts to support either. Plaintiff does not adequately allege what policies, practices, or customs the City implemented. In fact, Plaintiff fails to allege *any facts* for the Court (or the City) to speculate as to what the alleged unconstitutional policies, practices, or customs allegedly were. Rather, Plaintiff's allegations regarding policymakers and municipal action are conclusory allegations not entitled to the presumption of truth. For this reason alone, Plaintiff's allegations are insufficient to state a claim for municipal liability against the City.

Plaintiff seeks to hold the City liable for alleged retaliation and improper actions by two former city commission members and one or more City employees. As a matter of law, such is insufficient to impose *Monell* liability on the City. Under the second element of a *Monell* claim, a final policymaker possessing actual or constructive knowledge must have "the responsibility for making law or setting policy in any given area of a local government's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988); *see also Valle*, 613 F.3d at 542. "Municipal liability

attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). Furthermore, a final decision maker must act with deliberate indifference to support a *Monell* claim. *Bryan Co. v. Brown*, 520 U.S. 397, 411 (1997). "Only those municipal officers who have *final policy making authority* may by their actions subject the government to §1983 liability." *Praprotnik*, 485 U.S. 123.

The City is a home-rule municipality, governed by its elected commission that consists of a mayor and six commissioners.[5] The commission constitutes the legislative and governing body of the City.[6] Unless a higher vote is required by law, the City acts through a majority vote of its elected commission. "The only way that a political subdivision of the state can act is by and through its governing body...." *DeSoto Wildwood Dev., Inc. v. City of Lewisville*, 184 S.W.3d 814, 826 (Tex. App.—Fort Worth 2006, no pet.) (quoting *Central Power & Light Co. v. City of San Juan,* 962 S.W.2d 602, 612–13 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.)).

A single commissioner (or any number less than majority of commissioners) does not act on behalf of the City. "[S]ince a city acts through its council...even statements by an individual council member are not binding on the City." *Id*. (citing *Corpus Christi v. Bayfront Assocs.,* 814 S.W.2d 98, 105 (Tex. App.—Corpus Christi 1991, writ denied).

The Fifth Circuit confirms that when seeking to hold a governmental entity liable, a plaintiff must allege and prove that a *majority* of the voting members were motivated by the alleged improper or retaliatory animus. *Griggs v. Chickasaw Cnty.*, 930 F.3d 696, 704 (5th Cir. 2019)

---

[5] The City asks the Court to take judicial notice of Art. V, Section 1(a) of its municipal charter, which provides, in part: "The municipal government of the City of Brownsville shall consist of the City Commission, which shall be composed of six (6) Commissioners and a Mayor."

[6] *See* City of Brownsville municipal charter, Art. V, Section 10.

("We agree that Griggs was required to show that a majority of the Board had retaliatory animus.) Similarly, in *Atkins v. McGuire*, 2023 WL 4503515, *6 (N.D. Miss. 2023) the court noted "[w]hen the municipality's policymaker is a multimember board, the separate actions of individual members of the Board are not sufficient to bind the Board as an entity." *See also City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 69-70 (Tex. 2000) (discussing allegations of retaliatory animus by one member of three-person board insufficient); *DeSoto Wildwood Dev., Inc. v. City of Lewisville*, 184 S.W.3d 814, 826 (Tex. App.—Fort Worth 2006, no pet.) (citing *Corpus Christi v. Bayfront Assocs.,* 814 S.W.2d 98, 105 (Tex. App.—Corpus Christi 1991, writ denied).

Despite the issue being addressed at the hearing, and Plaintiff having an opportunity to amend, Plaintiff's petition does not allege *any* action whatsoever by a majority of the Brownsville City Commission. Nowhere. In fact, the only reference is where Plaintiff now judicially concedes that the City Commission possessed final policymaking authority for the City. (Doc. 37, ¶ 81).

Despite his legal burdens and this judicial admission, Plaintiff improperly seeks to create municipal liability based on the alleged actions of two former commissioners and one or more City employees. As a matter of law, such fails to state a plausible claim for municipal liability under *Monell* because Plaintiff fails to plead *facts* to support an inference that any alleged unconstitutional policy, practice or custom was promulgated by a final policymaker. Plaintiff also fails to allege *facts* that the city's final policymaker (its elected commission) acted with deliberate indifference. At best, Plaintiff tosses in conclusory allegations related to "the City" did this or that (*e.g.* Doc. 37, ¶¶ 83-86, but even those conclusory allegations (which are not entitled to the presumption of truth under *Iqbal*) fail to allege facts to show how the City actually acted by and through a majority of its commission members, or by someone that a majority of the commission

members delegated authority to. Those are fatal deficiencies for a *Monell* claim based on the authorities cited above.

Plaintiff's Complaint fails to allege sufficient facts to support a municipal liability claim against the City. Accordingly, the Court should dismiss Plaintiff's federal claims against the City in their entirety for failure to state a claim upon which relief can be granted.

**D. PLAINTIFF'S FIRST AMENDMENT CLAIM FAILS.**

In addition to the other reasons discussed above, Plaintiff also fails to state a plausible First Amendment retaliation claim. For a First Amendment retaliation claim, Plaintiff must sufficiently allege that (1) he was "engaged in constitutionally protected activity," (2) the City's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) adverse actions were substantially motivated against his exercise of constitutionally protected conduct. *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

To attempt to save his First Amendment claim, in addition to his prior allegations of refusing to engaged in conduct, Plaintiff now seeks to allege that he told the two Commissioner Defendants that he voiced opposition and told them he could not do what they were asking to do. (Doc. 37, ¶ 35). But nowhere does Plaintiff allege any facts that a majority of the Brownsville City Commission was ever aware of such, and Plaintiff certainly does not allege that a majority of the City Commission had knowledge and used that to inform any decisions he made. This alone negates Plaintiff's First Amendment claim against the City.

Further, Plaintiff continues to base his First Amendment retaliation claims on his alleged actions in refusing to engage in conduct, which fails to allege protected First Amendment activity to support a retaliation claim. *See, e.g., Boisseau v. Town of Walls, Miss.,* 138 F. Supp. 3d 792, 802 (N.D. Miss. 2015) (rejecting a plaintiff's act of refusing to "fix" a DUI charge as First

Amendment-protected activity.) And Plaintiff adding that as part of his refusal he told the two Commissioner Defendants that he opposed their requests (again, information Plaintiff does not even allege or imply that a majority of the Brownsville City Commission was aware of) does not transform this case into one involving protected public speech.

Moreover, for the theories that relate to the initiation of criminal charges, to prevail on his claim Plaintiff carries the burden of affirmatively negating probable cause. *Nieves v. Bartlett*, 587 U.S. 391, 403-404 (2019). Probable cause requires only "a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n. 13 (1983). Probable cause "exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Spiller v. City of Texas City Police Dept.*, 130 F.3d 162, 165 (1997). A "fair probability" that the suspect has committed a crime is enough to establish probable cause. *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999). The likelihood that he has done so "***need not reach [even] the fifty percent mark***." *Espinal v. City of Houston*, 96 F.4th 741, 745 (5th Cir. 2024) (emphasis added).

Plaintiff's complaint and attachments show that there was at least "arguable" basis for the criminal charges. Plaintiff admits that in October 2017 he "was directed not to return to the Department, not to perform official duties except as instructed by Human Resources, and to return City property." (Doc. 37, ¶ 47). Plaintiff was not to perform any duties. But Plaintiff then admits that "after Plaintiff was placed on administrative leave, he continued accessing the Fire Department's emergency reporting system...." (Doc. 37, ¶¶ 55, 57). Further, he attaches Exhibit A to his complaint, which contains a detailed discussion of the background facts leading to Plaintiff being charged for improperly accessing and utilizing a legally protected, confidential, and limited

access software application, on at least 47 occasions—while admittedly told to not perform any job duties. (Doc. 37-1, ¶¶ 7-21). Plaintiff's own admissions show at least "arguable" probable cause—which again does not even need to reach a fifty percent probability mark.

The same applies to the financial crimes, which: (a) were advanced based on information from someone with knowledge of the Association's finances, which supported probable cause; and (b) were expressly excluded from being involved in any of the City-related matters—*see, e.g.,* Doc. 37-1, ¶11(2).

At best, Plaintiff suggests that for both the computer and the financial charges, the defendants (collectively, and impermissibly) should have addressed potentially defensive arguments for why Plaintiff may not have ultimate guilt for the charges—such as addressing criminal intent and the like. But that is not required by defendants and moreover is not required for a probable cause determination. *Hall v. Trochessett*, 105 F.4th 335, 342 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1173, 221 L. Ed. 2d 255 (2025) ("A defense that may be raised in future proceedings does not vitiate probable cause at the time of arrest.) As the Supreme Court noted more than 47 years ago, "[t]he Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released." *Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). The only question is whether probable cause for the charges existed. Plaintiff's own amended complaint and attachments thereto establish probable cause for the criminal charges against him, and he certainly does not negate probable cause based on same.

For all reasons discussed above in this section, Plaintiff fails to allege protected activity for a violation of the First Amendment.

## E. PLAINTIFF DOES NOT ADEQUATELY ALLEGE A VIOLATION FOR HIS MALICIOUS PROSECUTION CLAIMS.

Plaintiff does not dispute that he engaged in the conduct that he was indicted for regarding the computer access charges. (Doc. 37 and Exhibits A and B therefore). Plaintiff's admitted use of computer systems after Plaintiff was suspended and placed on leave (and told to turn in his keys, identification cards, badges, and any other equipment belonging to the City and to not fulfill any of the official duties of his position) alone establishes probable cause for the first set of charges. And probable cause negates his malicious prosecution claims.

Moreover, Plaintiff fails to allege a constitutional violation because for both sets of criminal charges, as grand juries indicted Plaintiff and those indictments break the causation chain for any alleged lack of probable cause. The Court can take judicial notice of this fact. "If facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). In *Cuadra*, the Fifth Circuit affirmed a district court's dismissal of Section 1983 claims against a school district and several school district personnel after indictment following a student drop out report. *Id.*, at 808. In doing so, the Fifth Circuit rejected the plaintiff's generalized allegations of "taint." *Id.*, at 813.

Plaintiff seeks to avoid these preclusions of his claims and seeks to hold a municipality liable for two individual commissioners, a Fire Chief, and others affiliated with the City from allegedly not raising potentially exculpatory evidence that Plaintiff claims showed his lack of guilt—but as discussed above, that is not considered for probable cause determination and there certainly are no alleged facts that the City of Brownsville—which acts by and through a majority

of its council—did anything. Accordingly, Plaintiff fails to establish a constitutional violation for any malicious prosecution claim. *Espinal*, 96 F.4th at 748–49.

In addition to the other defenses to Plaintiff's malicious prosecution claim, the Court should dismiss this theory for failing to allege sufficient facts to impose Monell liability on the City—despite being addressed at the hearing in this case and Plaintiff being given an opportunity to amend to address his deficiencies.

**F. PLAINTIFF DOES NOT PLEAD A STIGMA PLUS DUE PROCESS CLAIM.**

For the infringement of other interest requirement, Plaintiff alleges that he "suffered a tangible alternation of legal status through demotion, suspension, termination, arrest, and loss of employment benefits" and that such was "made in connection with Plaintiff's employment discipline and termination." (Doc. 37, ¶¶ 115-116). The Fifth Circuit rejects that such employment allegations support the infringement element of a stigma plus claim. "Neither harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries." *Does 1-7 v. Abbott*, 945 F.3d 307, 313 (5th Cir. 2019) (quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996) (citing *Siegert v. Gilley*, 500 U.S. 226, 233–35 (1991))). Plaintiff does not allege how his termination is beyond the reputational component that is insufficient, and he does not allege any other protected interest to support a stigma plus claim. *Adams v. Walker*, No. CV 20-2794, 2025 WL 1370453, at *3 (E.D. La. May 12, 2025) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 935-36 (5th Cir. 1995)).

Additionally, as discussed above, the Brownsville Civil Service Commission held a two-day hearing consisting of numerous witnesses testifying (Plaintiff declined despite the Commission's request) and exhibits offered to address the issues Plaintiff claims he was denied

due process on.[7] The Court can take judicial notice of the hearing at which the Plaintiff had the opportunity for a name-clearing opportunity. *See Carlos Elizondo v. City of Brownsville*, Cause No. 2019-DCL-07015-1; 445th Judicial District, Cameron County, Texas. The existence of the evidentiary hearing at which Plaintiff's termination and related issues were addressed negates Plaintiff's stigma plus claim, as the hearing constitutes due process and provided Plaintiff with any desired name clearing hearing.

For these reasons, in addition to the other deficiencies, Plaintiff fails to allege a qualifying infringement of other interest and fails to state a stigma plus due process claim to establish a violation.

### G. SECTION 1983 CIVIL CONSPIRACY.

Plaintiff's federal conspiracy claims against the City fails for the same reasons discussed above on the substantive claims upon which he bases his alleged conspiracy theory. "[T]o prevail on a section 1983 conspiracy claim, a plaintiff must establish: (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990). To avoid dismissal, a plaintiff first must show "an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995); *see also Morales v. Carrillo*, No. EP-19-CV-217-PRM, 2021 WL 664854, at *10 (W.D. Tex. Feb. 19, 2021) ("the Court must first identify a violation of clearly established federal law"). Moreover, Plaintiff does not allege how the City, which again acts through a majority of its council, engaged in the alleged conspiracy.

---

[7] Plaintiff concedes his stigma plus claim is based on allegations that "were publicly disseminated in connection with Plaintiff's termination." (Doc. 1-3, ¶ 6.29).

For all these reasons, including but not limited to limitations, res judicata, collateral estoppel, and failure as to allege acts by a final policymaker, Plaintiff fails to allege a federal conspiracy claim against the City of Brownsville and that claim should also be dismissed.

## IV. CONCLUSION AND PRAYER

For the foregoing reasons, the Court should dismiss Plaintiff's claims against the City of Brownsville in their entirety.

WHEREFORE, PREMISES CONSIDERED, the City of Brownsville prays that the Court dismiss Plaintiff's claims against the City in their entirety and with prejudice, enter judgment that Plaintiff take nothing against the City, assess costs against Plaintiff, and award the City all other relief to which it may show itself entitled.

Respectfully submitted,

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**
kevin@txmunicipallaw.com
*Attorney-In-Charge*
State Bar No. 24047314
Southern District Admission 3/1/2007
**MESSER FORT, PLLC**
6371 Preston Road, Suite 200
Frisco, TX 75034
972.668.6400 – Telephone
**ATTORNEY FOR DEFENDANT THE CITY OF BROWNSVILLE**

## CERTIFICATE OF SERVICE

A copy of the foregoing was provided to all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF filing on the 9th day of October 2026.

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**