**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **CARLOS ALBERTO ELIZONDO** | § | |
| **Plaintiff,** | § | **Civil No. 1:26-cv-00491** |
| **v.** | § | |
| | § | |
| **CITY OF BROWNSVILLE, et al.** | § | |
| **Defendants.** | § | |

**DEFENDANT JARRET SHELDON'S REPLY IN SUPPORT OF HIS SECOND MOTION TO DISMISS**

COMES NOW Jarrett Sheldon ("Defendant" or "Chief Sheldon") and files his reply to Plaintiff's response (Doc. 45) to Chief Sheldon's *Second Motion to Dismiss* (Doc. 40):

## I. SUMMARY OF THE REPLY

Plaintiff's response narrows this case to one prosecution: the theft and misapplication charges concerning the Brownsville Firefighters Association's political-action-committee ("PAC") funds, dismissed in April 2025. Plaintiff fails to allege adequate facts, and he otherwise fails to cite clearly established law to overcome Chief Sheldon's qualified immunity defense. For the reasons below and in Chief Sheldon's principal motion, the claims against Chief Sheldon should be dismissed with prejudice, without a Rule 7(a) reply or a third pleading.

## II. PLAINTIFF'S REMAINING CLAIMS

Plaintiff's First Amended Petition (Doc. 37) ("FAC") focuses on various matters relating to employment issues, traces factual allegations back to 2017 and earlier, seeks relief related to his former position as a Fire Chief (though when terminated he was a lieutenant), seeks back wages and benefits, and contains a myriad of claims and theories for a host of different type of relief. In fact, the bulk of the factual allegations relate to matters and claims addressing Plaintiff's employment, termination, and charges relating to computer use.

After Chief Sheldon's initial motion to dismiss (Doc. 10), Plaintiff's FAC conceded several of his claims against Chief Sheldon. Now, Plaintiff's response (Doc. 45), changes the focus of this case even more. In the face of Chief Sheldon's dispositive arguments, Plaintiff concedes all claims with the exception of the following, and even those only to the extent the claims relate to Plaintiff's PAC fund charges brought by the Firefighters' Association: (a) First Amendment retaliation in prosecution; (b) fabrication of evidence as to prosecution; (c) malicious prosecution; and (d) civil conspiracy. In limiting his claims, Plaintiff argues limitations, *res judicata*, and collateral estoppel no longer apply, as all his remaining claims did not accrue until April 2025.

As an initial matter, based on Plaintiff's response and the arguments Chief Sheldon set forth in his motion, the Court should grant Chief Sheldon's motion and dismiss all other claims and all other relief in the FAC. This includes: (a) all claims relating to Plaintiff's employment, including as to Plaintiff's demotion, termination, any employment actions or decisions, any investigations or audits, and any other employment related matters; (b) all claims relating to the first set of criminal charges for computer use; (c) Plaintiff's "unlawful seizure" claim within Count 2 of the FAC; (d) Plaintiff's due process "stigma plus" claim in its entirety (Count 4); (e) relief the FAC seeks relating to Plaintiff's employment, including but not limited to any reinstatement, income, back pay, lost benefits, retirement opportunities, lost benefits or service credit; and (f) declaratory and prospective relief.

Otherwise, for the remaining four theories limited to the prosecution of the PAC fund charges, Plaintiff's FAC fails to state viable claims against Chief Sheldon and Plaintiff's pleading and response fail to overcome Chief Sheldon's qualified immunity defense and meet *Plaintiff's burden* to establish a violation of clearly established law.

## 1. Malicious Prosecution

Chief Sheldon concedes that for Plaintiff's malicious prosecution claim, limitations, *res judicata*, and collateral estoppel do not apply to the claim in so far as it relates to the PAC fund charges that were dismissed in April 2025. Yet Plaintiff's malicious prosecution claims still fail.

Plaintiff does not meet *his burden* to negate qualified immunity as to his claims. The Fifth Circuit makes clear that malicious prosecution claims did not exist in the Fifth Circuit prior to 2022 and expressly applies qualified immunity to bar claims based on actions and indictment for charges before 2023. *See Espinal v. City of Houston*, 96 F.4th 741, 748–49 (5th Cir. 2024); *Green v. Thomas*, 129 F.4th 877, 885-86 (5th Cir. 2025).

Plaintiff appears to concede this hurdle and cites no authority to show that the law was clearly established in 2017. Rather, Plaintiff argues that even if the cause of action for malicious prosecution did not exist, potentially Chief Sheldon could have known that his alleged *conduct* was unlawful. But *Espinal* and *Green* foreclose that argument, as those cases dismissed based on the claims not being clearly established, despite the alleged conduct at issue. *See also Santander v. Salazar*, 133 F.4th 471, 482-83 (5th Cir. 2025) (noting Fifth Circuit did not articulate elements of the claim until February 2023, and therefore July 2022 conduct could not have violated clearly established law).

Moreover, even if malicious prosecution was viable in 2017, Plaintiff's response is deficient in citing to any law showing that it was clearly established that Chief Sheldon, a non-law enforcement and non-prosecutorial individual who had alleged involvement *would have* (not could have) been held liable.

Plaintiff's response opens with the allegation that of all defendants, Chief Sheldon is the one that the FAC "most directly ties to the suppression of the truth." (Doc. 45, p. 1). But a review

of the FAC alleges that Plaintiff's allegations relevant to the remaining theft/misappropriation charges consist of the following:

- That Jorge Lerma "worked directly with Sheldon...to *push* the Theft and misappropriation of union fund charges. (Doc. 37, ¶ 50) (emphasis added).

- That Shelon learned that another union member's credit card was used and Sheldon did not relay such to the DA or grandy jury—but Plaintiff does not deny that Plaintiff used the other member's credit card or why the card being in some other person's name negated probable cause of the crimes he committed (discussed below). *Id*.

The FAC then makes conclusory allegations against Chief Sheldon in Paragraphs 92 and 109, but those relate to the computer charges, which Plaintiff has conceded.

Nowhere does the FAC allege *facts* as to what Chief Sheldon specifically did or did not do.[1] Excluding improper conclusory allegations, the most alleged is that Chief Sheldon allegedly "push[ed]" potential charges. (Doc. 37, ¶ 50). Plaintiff's conclusory allegations in Paragraphs 97 and 98 of the FAC do not allege any facts and are not considered. Plaintiff fails to allege what Chief Sheldon did, when he did it, and how it affected the PAC fund prosecution. These are required allegations to support a malicious prosecution claim and required when evaluating qualified immunity as to the specificity required by that analysis.

The Fifth Circuit has held that an allegation that a defendant "caused an affidavit ... to be presented" is "conclusory language" that "is insufficient standing alone," and on that basis rendered judgment for a police chief and an assistant chief who were alleged to have been "actively involved" in the investigation and to have "approved the arrests." *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021). "[U]nder *Melton*, 'awareness' is not tantamount to 'assisting' in the

[1] At one point, Plaintiff suggests that Chief Sheldon's conduct did not stop in 2017. But Plaintiff alleges no facts as to anything that Chief Sheldon did after 2017 that in anyway relates to the remaining claims regarding the Association theft/misappropriation charges. Nothing. At all. Therefore, any conclusory suggestion otherwise--particularly in his *response brief*—does not change the analysis.

preparation of the warrant." *Id.*, citing *Melton v. Phillips*, 875 F.3d 256, 263 to 64 (5th Cir. 2017) (en banc).

Plaintiff cites no case in which a non-law enforcement or non-prosecutorial actor who did not provide any statements, any evidence, any testimony, or anything else (which Plaintiff makes no such allegations or anything close to it as to Chief Sheldon) was held civilly liable for federal malicious prosecution. This is required to meet Plaintiff's qualified immunity burden as to Chief Sheldon[2], as Plaintiff must cite to a case that meets the qualified immunity standard of "high particularity" and that the "particular conduct" violates clearly established law. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015); *Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011).

For these reasons, Plaintiff fails to overcome Chief Sheldon's qualified immunity as to his now limited malicious prosecution theory as a matter of law.

Even if qualified immunity's clearly established requirement could have been met, the FAC does not adequately negate probable cause, a requirement for Plaintiff's malicious prosecution claims. This burden requires Plaintiff allege *facts* to show that Chief Sheldon acted improperly. As to Chief Sheldon, Plaintiff alleges that a credit card used in connection with the charges was in another union member's name (Doc. 37, ¶ 50—again, Plaintiff alleges no facts that he did not use the other card or why this fact negates probable cause), that Chief Sheldon allegedly knew that the card was in the other member's name, and that the collective "defendants" did not properly bring that defensive argument to the DA's or grand jury's attention.

The FAC must adequately explain how Chief Sheldon participated in the use of materially false information or the suppression of material exculpatory information in the criminal process,

---

[2] The Court must separately address the actions of each individual defendant to determine whether qualified immunity applies. *Darden v. City of Fort Worth*, 880 F.3d 722, 731 (5th Cir. 2018); *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016).

and it does not: the FAC does not say what Chief Sheldon said to Lerma or anyone else; anything that Chief Sheldon supplied to the DA's office, the grand jury, or any affiant; or what Chief Sheldon withheld from anyone (other than the alleged credit card information, addressed herein). The arrest was made by "Cameron County District Attorney investigators." (Doc. 37 ¶ 48). The allegations of "urging" and conclusory and collective "direction," (Doc. 37. ¶¶ 50, 103, 112), must be read with the surrounding allegations, but they do not eliminate the need for facts supporting the actionable role attributed to each defendant, including Chief Sheldon.

Plaintiff makes impermissible conclusory allegations in Paragraphs 107 and 108 of the FAC regarding omitted facts as to all "defendants." Plaintiff fails to allege any *facts* about what information Chief Sheldon omitted, *facts* about what information Chief Sheldon relayed that were false, and *facts* showing that Chief Sheldon specifically withheld information that negated the low standard of probable cause as Chief Sheldon briefed in his motion to dismiss. At best, the FAC alleges that the Local 970's representatives knew of information to negate probable cause (Doc. 37, ¶ 128), but Plaintiff does not come close to making such factual allegations as to Chief Sheldon or any other defendants.

Plaintiff makes the conclusory allegation that all defendants "caused criminal proceedings to be initiated or maintained by supplying false, materially misleading, and incomplete information to investigators and prosecutors." (Doc. 37, ¶ 97). Again, such does not contain any *facts*, but consists of impermissible conclusory allegations. The FAC does not adequately allege the non-existence of probable cause, under the standards Chief Sheldon set forth in his motion to dismiss (Doc. 40, pp. 17-19), and for this additional reason Plaintiff's malicious prosecution claims fail (as do Plaintiff's other remaining claims against Chief Sheldon).

While Plaintiff's FAC is silent as to the full nature of the theft and misappropriation charges against him, the attachments to the FAC Plaintiff incorporates into his pleading reveal that the charges were not limited to credit card usage but included a search warrant executed as Plaintiff's home and "thousands of dollars missing from [the firefighters' union's] funds"—accounts which Plaintiff oversaw. (Doc. 37-2, pp. 13-14, pp. 18-19). The FAC does not negate probable cause, a required element for his claims, and does allege non-conclusory *facts* showing how Chief Sheldon violated the law. Those deficiencies not only negate Plaintiff's malicious prosecution claims, but also the other remaining theories he attempts to advance following his response.

Similarly, Plaintiff alleges that the grand jury's indictment failed to break the causal chain, because that only applies when all facts are presented. Yet the FAC contains no alleged *facts* as to what was and was not presented to the grand jury. No facts that Chief Sheldon ever spoke to or was involved with any aspect of the DA or the grand jury. Moreover, the FAC contains no *facts* as to what Chief Sheldon specifically did or did not do for purposes of either providing false information or withholding any information from the district attorney or the grand jury. Plaintiff relies on an exception that "applies when the evidence presented to the grand jury 'obvious[ly] fail[ed]' to establish the probable cause necessary for an indictment." *Espinal*, 96 F.4th at 746 (citing *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017)). As discussed herein, the one "credit card" issue is what Plaintiff focuses on, and he fails to show how this issue "obviously failed" to provide probable cause. Again, the only fact alleged remotely relevant to Chief Sheldon is that one of the credit card was in someone else's name—a fact that does not negate probable cause, as Plaintiff does not allege he did not use the card, any facts on why Chief Sheldon (or any other City Defendant) had that knowledge or otherwise address the full aspect of the charges against Plaintiff.

The Court should dismiss Plaintiff's remaining and limited malicious prosecution claims against Chief Sheldon as a matter of law, including based on qualified immunity.

### 2. Fabrication of Evidence

Citing *McDonough v. Smith*, 588 U.S. 109 (2019), Plaintiff argues that in addition to his malicious prosecution claim he can also pursue a fabricated evidence claim against Chief Sheldon and that the claim is not barred by limitations because it accrued upon favorable termination of his PAC fund charges. *McDonough* recognized a fabrication of evidence claim against a specially appointed prosecutor and the case addressed accrual of such a claim. In doing so, *McDonough* considered fabrication of evidence as being aligned with a malicious prosecution claim, assuming the theory arises from the due process clause (but not deciding that issue). At 115.

If another specific amendment provides a claim, such as here the Fourth Amendment through its malicious prosecution claim[3], a separate substantive due process-based claim should not proceed. *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) (rejecting substantive due process theory when the matter at hand was connected to a Fourth Amendment theory).

Even if a separate fabrication of evidence claim exists independent of a malicious prosecution claim, Plaintiff's fabrication theory still fails. Plaintiff does not, and cannot, meet *his burden* to show that a fabricated evidence claim was clearly established in 2017, and particularly not as to a non-law enforcement or non-prosecutorial defendant with the limited involvement Plaintiff alleges as to Chief Sheldon. Plaintiff's burden to show clearly established law requires him to cite case law addressing the "particular conduct" and that "squarely govern[s.]" *Harmon v. City of Arlington*, 16 F.4th 1159, 1165-67 (5th Cir. 2021) ("as the Supreme Court has repeatedly

---

[3] *Thompson v. Clark*, 596 U.S. 36, 43 (2022) found the malicious prosecution theory based in the Fourth Amendment. While not available in 2017 and not clearly established until 2022, the claim is currently recognized.

admonished lower courts, we must define that constitutional question with specificity.") Plaintiff cannot rest on possible fabrication of evidence claims against police officers, prosecutors, or others who provide evidence to law enforcement to meet his specificity requirement for the clearly established prong of Chief Sheldon's qualified immunity defense. This is the "high level of generality" that qualified immunity precludes and that the Fifth Circuit and Supreme Court have repeatedly said fails.

The only case Plaintiff cites to support his fabrication of evidence claim is *Cole v. Carson*, 935 F.3d 444, 452-53 (5th Cir. 2019), suggesting that *Cole* recognized clearly established law that one may not fabricate evidence to bring false charges. In *Cole*, the *en banc* Fifth Circuit considered qualified immunity for *excessive force claims* following the Supreme Court's decision and requirement for clearly established specificity under *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). The earlier *Cole I* decision addressed fabrication. 802 F.3d 752, 767, cert. granted, judgment vacated sub nom., *Hunter v. Cole*, 580 U.S. 994 (2016), opinion reinstated in part, 935 F.3d 444 (5th Cir. 2019) (en banc). But *Cole I* involved *police officers* engaged in offering evidence in support of a fabricated story to suggest that the plaintiff turned and pointed a gun at an officer in order to support a police officer shooting.[4]

*Cole* does not dispense with the requirement that Plaintiff plausibly allege each defendant's actionable conduct, the mental state the particular theory requires, and a resulting deprivation. A freestanding fabrication claim requires knowledge, *Dean v. Phatak*, 162 F.4th 555, 567 (5th Cir. 2025); it "requires that the defendant knowingly fabricate evidence." *Knighton v. Benton Cnty.*, 186 F.4th 310, 328 (5th Cir. 2026) (citing *Dean*, at 567). A *Franks* theory, by contrast, requires a

[4] *Cole I* also supports a conclusion that Plaintiff's fabrication claim arises from the Fourth Amendment based on Plaintiff's 2017 arrest—an argument Plaintiff focuses on (*see* Doc. 47, ¶ 21). This suggests a Fourth Amendment theory based on his 2017 arrest, which the two-year statute of limitations bars. *Cole*, 802 F.3d, at 767.

knowing or reckless false statement or omission. *Dean*, at 566–67. And a plaintiff "must plead 'specific facts' regarding 'what exculpatory evidence [the defendant] suppressed and concealed' and 'what "unlawful means"'" the defendant used. *Green*, 129 F.4th at 887 (quoting *Geter v. Fortenberry*, 849 F.2d 1550, 1559 (5th Cir. 1988)); *see also Armstrong v. Ashley*, 60 F.4th 262, 271 (5th Cir. 2023) (affirming dismissal where the complaint did not plead "how and by whom each of the reports was suppressed"). Chief Sheldon challenges the sufficiency of those allegations as to him.

The same analysis from the malicious prosecution section above and lack of specific facts also applies to any theory based on alleged suppression or failure to disclose evidence. *Id.* The question here is sufficiency: even assuming the PAC prosecution theories are timely, the FAC must still state a constitutional claim against Chief Sheldon, and the FAC does not.

The Fifth Circuit in *Armstong* specifically noted that because prosecutors were involved in the process, such triggered *prosecutor's Brady* obligations that were "equally consistent with prosecutorial *Brady* violations as with police suppression," and therefore the Court found the claims against the officers failed. 60 F.4th at 274.

For all these reasons, Plaintiff's fabricated evidence claim fails to state a claim and fails to overcome Chief Sheldon's qualified immunity defenses.

### 3. FIRST AMENDMENT

Critical to Plaintiff's First Amendment theory against Chief Sheldon, the only alleged retaliatory act against Chief Sheldon in the FAC is that "Sheldon retaliated by using the challenged allegations, referring computer-access accusations, issuing disciplinary orders, and terminating Plaintiff, despite knowing exculpatory information." (Doc. 37, ¶ 92). Plaintiff does not allege any other allegedly retaliatory action—and for all that is alleged in Paragraph 92, Plaintiff has

conceded those claims. Accordingly, the Court should grant Chief Sheldon's motion as to Plaintiff's First Amendment claims on this basis alone.

Otherwise, the same analyses discussed in the two prior sections apply to Plaintiff's First Amendment retaliation claims. Plaintiff's response argues, without citing any case law supporting his argument, that his First Amendment claims can proceed because they are subject to accrual at the termination of his criminal proceedings. Even if limitations did not bar Plaintiff's First Amendment retaliation claims, those claims fail for several other reasons discussed in the Chief Sheldon's motion to dismiss.

First, as Chief Sheldon noted in his motion, nowhere does the FAC allege any facts to show that Chief Sheldon knew of any of the alleged discussions between the two commissioner defendants and Plaintiff, upon which Plaintiff fully bases his First Amendment claims. Plaintiff alleges no facts that Chief Sheldon had any knowledge of the requests in paragraph 31 or anything related to those claims. This also precludes Plaintiff's First Amendment claim against Chief Sheldon as a matter of law.

Moreover, the conduct and any speech at issue is not First Amendment protected. Plaintiff argues, citing *Lane v. Franks*,573 U.S. 228, 241 (2014), that he engaged in protected speech because he verbalized "official corruption" and such triggers the First Amendment. However, the FAC does not allege facts that relate to speech about corruption or misuse of funds. At most, the FAC alleges that two individuals, who happened to be city commissioners, allegedly asked *Plaintiff* if *Plaintiff* would bestow favorable treatment to them. Each of the alleged facts regarding protected conduct notes that the two commissioners attempted to "pressure" Plaintiff to use his position in some way, and then Plaintiff contends he refused to do so. (Doc. 37, ¶31(1)-(5)). A

favorable reading of the FAC suggests that the two commissioners made requests, which Plaintiff denied. Nothing more.

Plaintiff alleges nothing that any official did that constituted official misconduct, public corruption, impropriety, or illegal conduct. At best, Plaintiff says two commissioners asked for favoritism, which Plaintiff denied to engage in (but again alleges no facts to suggest that Chief Sheldon had any knowledge of any of this). Such does not trigger the First Amendment: (a) because there is insufficient "speech" as a matter of law as the two commissioner defendants argue in their motion to dismiss; but also (b) because the alleged requests and conduct set forth in the FAC do not trigger a matter of public concern for First Amendment purposes. And Plaintiff cannot show that such was clearly established for qualified immunity purposes, such that every person in Chief Sheldon's position would have known that such invoked the First Amendment

Second, any First Amendment retaliation claim also requires Plaintiff to allege adequate inducement. *Hartman v. Moore*, 547 U.S. 250, 262 (2006). Plaintiff alleges no such facts, including what Chief Sheldon communicated to the District Attorney's office or the grand jury, or any other fact that "bridge[s] the gap between the nonprosecuting government agent's motive and the prosecutor's action." Id., at 263. "Evidence of an inspector's animus does not necessarily show that the inspector induced the action of a prosecutor who would not have pressed charges otherwise." *Id.*

Nor does Plaintiff negate probable cause under the standards Chief Sheldon's motion to dismiss sets out. (Doc. 40, pp. 17-19). The FAC's admission that individuals with knowledge of the Association's finances provided information to support the allegations supports probable cause. Plaintiff's argument is that it was not a card in his name for questioned expenses—a defense that he could raise in defense to the charges against him. (*See* Doc. 42, p. 19; *see also* fn. 3 above).

As to a defense that the credit card at issue was in someone else's name that is somehow connected to his felony charges (Plaintiff does not allege how the card is connected, or even that he did not use the other person's card), the probable cause standard does not require such defensive issues to be negated. *See, e.g., Hall v. Trochessett*, 105 F.4th 335, 342 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1173, 221 L. Ed. 2d 255 (2025) ("A defense that may be raised in future proceedings does not vitiate probable cause at the time of arrest.)

The probable cause standard requires only the "fair probability" criminal activity occurred and the potential for guilt "*need not reach [even] the fifty percent mark.*" *Espinal v. City of Houston*, 96 F.4th 741, 745 (5th Cir. 2024) (emphasis added). As discussed above, Plaintiff fails to adequately address probable cause other than to suggest that a credit card presumably at issue was in someone else's name, but Plaintiff does not allege how that deprives probable cause, much less suggest that his charges were based only on credit card usage. Plaintiff's complaint and attachments show that there was at least an "arguable" basis for the criminal charges. The FAC even concedes that the financial crimes were advanced based on information from someone with knowledge of the Association's finances.

Finally, Plaintiff fails to cite any controlling authority to show that Plaintiff's purported protected activity was actionable under the First Amendment and clearly established. Plaintiff cites *Keenan v. Tejada*, 290 F.3d 252, 258 (5th Cir. 2002) in support of his burden to show that the law was clearly established for purposes of his first amendment claim. But *Keenan* involved law enforcement officers suing other law enforcement officers. Like the other claims discussed above, Plaintiff cites no case putting Chief Sheldon on notice in 2017 that a non-law enforcement or non-prosecutorial defendant, such as a fire chief, can be held liable for First Amendment retaliation in the context of a prosecution for the *factual* conduct Plaintiff alleges that Chief Sheldon did.

Plaintiff fails to meet his burden to state a First Amendment claim, much less cite case law to show that the law was clearly established for purposes of Chief Sheldon's qualified immunity defenses.

**4. SECTION 1983 CIVIL CONSPIRACY**

Plaintiff's federal conspiracy claim against Chief Sheldon fails for the same reasons discussed above on the substantive claims upon which he bases his alleged conspiracy theory. Conspiracy itself is not actionable. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990). Rather, it is the legal mechanism through which to impose liability on all defendants of an agreement. Qualified immunity as to a conspiracy claim therefore tracks qualified immunity for the underlying alleged constitutional violation. *Id*. To avoid dismissal, a plaintiff first must show "an actual violation of section 1983." *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). For the reasons above, including failure as to qualified immunity, Plaintiff fails to allege a federal conspiracy claim.

The FAC asserts an agreement and supports it with the "sequence and coordination" of events, (Doc. 37, ¶ 121), a list of overt acts (*Id.*, ¶ 122), and an allegation "on information and belief" that "each Defendant was the agent and employee of each other Defendant," (*Id.* ¶ 123). Even considered together, those allegations do not provide sufficient factual support that Chief Sheldon joined an agreement to fabricate material evidence, deliberately conceal exculpatory information, or otherwise cause the constitutional violation alleged. The references to a sequence of events and collective direction assert the connection; the surrounding factual allegations must plausibly support it. "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Bell v. Twombly*, 550 U.S. 544, 557 (2007). Plaintiff's suggestion that discovery will supply the agreement is unavailable against officials asserting

qualified immunity: a plaintiff "must survive the motion to dismiss without any discovery." *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

*Shaw v. Villanueva*, 918 F.3d 414, 418-19 (5th Cir. 2019) is informative, not only on the conspiracy claim, but Plaintiff's other allegations against Defendants. In *Shaw*, the Fifth Circuit granted qualified immunity to a sheriff and chief deputy accused of having a political opponent's husband arrested, because the plaintiff "pleaded no specific facts showing that [they] misdirected [the justice of the peace] into issuing the arrest warrant" and alleged "no specific facts showing that [they] themselves acted in furtherance of a conspiracy to violate his civil rights," although "he ha[d] lots to say about what" their subordinates did. The same applies here—despite Plaintiff having had multiple opportunities to plead the connection as to Chief Sheldon.

The FAC does not allege non-conclusory *facts* to support a conspiracy as to the theft/misappropriation charges. FAC paragraphs 120-123 contain conclusory allegations, not facts specific as to each defendant to state a claim. For this additional reason, the FAC fails to allege a viable conspiracy claim against Chief Sheldon.

**5. The Court Should Not Permit Plaintiff to Amend Again.**

Plaintiff asks in the alternative for a Rule 7(a) reply or leave to amend. A Rule 7(a) reply is a tool for obtaining greater detail where detail "might assist." *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc). It would not assist here. The malicious prosecution theory fails as a matter of law; no detail changes the date of the conduct or the state of the law in 2017. As to the remaining theories, Plaintiff received notice of the defendant specific deficiencies. In response to Chief Sheldon's first motion to dismiss, Plaintiff stood on his petition and sought no leave. (Doc. 25). In response to the City's motion the same day he told the Court that if any claim needed "additional factual detail" he could plead "the specific acts by each Defendant supporting malicious prosecution." (Doc. 24 at 9).

The Court granted leave to amend at the September 1 hearing (Doc. 36) and Plaintiff filed the FAC with the stated purpose to "identify each defendant's conduct separately" and "address the issues raised in Defendants' motions to dismiss." (Doc. 37 ¶ 4). What he now offers as potential further additions are the same categories in the same general terms of that noted before. (Doc. 45 ¶ 50). Plaintiff does not say what any communication contained, when or what Chief Sheldon learned of the credit card information, or how any of it connects Chief Sheldon to the prosecution. An offer to plead categories of facts, without their substance, does not show that amendment would cure the deficiency. Leave may be denied for "repeated failure to cure deficiencies by amendments previously allowed" and for "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Based on that and the authorities set forth in Chief Sheldon's reply in support of its first motion to dismiss (Doc. 29, pp. 8-9), the Court should deny Plaintiff's request to further develop the pleadings and his allegations. The claims against Chief Sheldon should be dismissed with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant Jarrett Sheldon prays that the Court dismiss Plaintiff's claims in their entirety and with prejudice against him, and award Defendant all other relief to which he may be entitled.

Respectfully submitted,

*<u>/s/ Kevin M. Curley</u>*
**KEVIN M. CURLEY**
kevin@txmunicipallaw.com
*Attorney-In-Charge*
State Bar No. 24047314
Southern District Admission 3/1/2007
**MESSER FORT, PLLC**
6371 Preston Road, Suite 200
Frisco, TX 75034
972.668.6400 – Telephone

**ATTORNEY FOR DEFENDANT CHIEF JARRET SHELDON**

**CERTIFICATE OF SERVICE**

A copy of the foregoing was provided to all counsel of record in accordance with the Federal Rules of Civil Procedure by ECF filing on the 6th day of November 2026.

*/s/ Kevin M. Curley*
**KEVIN M. CURLEY**